# Magill's Appeal.

1. Rules are indispensable aids in the routine business of courts, and to this only they properly apply; they are to be administered in subordination to the rights and equities of suitors.

2. Rules of court are not to be instrumentalities to defeat the rights of suitors, but are always adhered to, when in any neglect of them rights have accrued which it would be inequitable or unjust to disturb.

3. When a failure to comply with a rule of court is the result of haste, mistake or surprise, and positive injury is likely to ensue to the party, courts will not adhere to it simply on account of the rule at the expense of justice and the rights of the parties.

4. Amendments to fulfil requirements of rules are generally allowed when offered without unreasonable delay, and before much expense and costs have accrued.

5. A rule of court required that in divorce proceedings, an issue should be demanded in the answer. A respondent in her answer neglected to make the demand, and shortly afterwards and before much testimony had been taken, asked to amend her answer by demanding an issue. This was refused by the court below. The Supreme Court held that the amendment should have been allowed.

November 9th 1868. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. READ and AGNEW, JJ., absent.

Appeal from the decree of the Court of Common Pleas of *Allegheny county*: No. 52, to October and November Term 1868.

On the 27th of July 1867 William Magill presented to the Court of Common Pleas his libel asking to be divorced from his wife, Lavinia Magill, on the ground of her desertion. A subpœna in divorce was accordingly issued, returnable on the 1st Monday of September, and was served on the respondent August 2d. On the 31st of August the respondent obtained a rule on the libellant to show cause why an order should not be made that he should pay her a reasonable sum for her support *pendente lite*. On the 24th of September a commissioner was appointed to take testimony. On the 8th of October the rule of August 31st was made absolute, and the libellant directed to pay respondent $30 per month for her support, and $75 for counsel fees. Same day the answer of the respondent was filed, denying that she had deserted the libellant; averring that he had sold all his furniture and leased his house for the purpose of forcing her to leave him, and left her without any means of support, &c. She did not state in her answer that she demanded an issue.

On the 19th of September—the commissioner having taken some testimony, but having made no return—the respondent presented the following paper to the court:—

[Magill's Appeal.]

"Lavinia Magill, respondent, being duly sworn, says, that in her answer as filed, she did not demand a jury trial—an issue to a jury; that she was compelled to answer before she was ready, by reason of the extraordinary haste of the libellant in appointing a commissioner, and the taking of his testimony; that since she filed her answer she is fully satisfied that an issue to a jury is necessary to try this case properly, and, with leave of court, hereby demands a trial of the case by a jury, and asks that her answer be so amended, and proceedings before the commissioner stayed."

The issue was refused because it was not claimed when the answer was filed, according to the 80th rule of court. On the 2d of December the testimony taken by the commissioner was filed. March 7th 1868, a divorce *a vinculo matrimonii* was decreed. The respondent appealed to the Supreme Court, and assigned for error that the court refused her a trial by jury because it was not claimed under the 80th rule of court when the answer was filed.

The following is the 80th rule :—

"When an answer is filed, it shall state whether the respondent demands an issue to a jury, and shall specify the facts in the petition which are disputed or avoided, otherwise a jury trial shall be taken to be waived. If, however, an issue is so demanded, the case shall be placed immediately on the issue docket by the prothonotary, and on the trial, all material averments in the petition not directly traversed or avoided shall be taken as admitted."

*N. W. Shafer* and *T. Howard*, for appellant.—The Act of March 13th 1815, § 2, 6 Sm. Laws, Purd. § 347, pl. 12, authorizes the court to make preparatory rules only to bring the case to a hearing, meaning only such cases as are determined without a jury: Allison *v.* Allison, 10 Wright 321. Trial by jury being a constitutional right, cannot be waived by implication: Lauman *v.* Young, 7 Casey 310; Trimble's Appeal, 6 Watts 133.

*G. R. Cochran* and *R. B. Carnahan*, for appellee, commented on the Act of Assembly and Allison *v.* Allison, *supra.*

The opinion of the court was delivered, January 4th 1869, by

THOMPSON, C. J.—Rules are indispensable aids in the routine business of courts, and to this only they properly apply. Being subject to the authority which gives them existence, they are administered in subordination to the rights and equities of suitors. In other words, they are not to be instrumentalities to defeat those rights; but their provisions are always adhered to, when in any neglect of them, rights have accrued which it would be inequitable or unjust to disturb. When, however, a failure to

[Magill's Appeal.]

comply with their requirements in any given case, is the result of mistake, haste or surprise, and positive injury is likely to ensue to a party, courts will not adhere to them simply on account of the rules, at the expense of justice and the just rights of parties. Hence amendments to fulfil requirements, are generally allowed when offered without unreasonable delay, and before much expense and costs have accrued.

In the case before us, the appellee the libellant, issued a subpœna in divorce to the respondent, returnable on the 1st Monday, the 2d day of September 1867, to which she appeared by counsel, and filed her answer on the 8th of October following. In her answer the respondent omitted to claim an issue to try the facts denied therein, as she ought to have done, if she desired it, under the 80th rule of the Court of Common Pleas; but in the short period of eleven days thereafter she did apply to the court for leave to amend her answer in this respect, and set forth in her affidavit, haste and surprise, in preparing her answer, owing to the rapid movements of the libellant in preparing to take testimony before her answer was in. She might well have expected to be called on to answer under rule 79; for in this way only could the libellant know, whether he was to prepare to take testimony for the court, or to produce his witnesses before a jury.

The answer would, according to the rule of court, disclose whether an issue would be claimed or not.

But without ascertaining this, the libellant applied for, and obtained the appointment of a commissioner, before whom to take testimony, and under a supposed necessity for an immediate answer to the complainant's libel, the defendant declares it was prepared before she was ready. In substance, that it was imperfect, and she prayed leave to amend, so as to claim an issue and trial by jury, which she also affirmed her belief to be necessary to the trial of her case properly. The amendment, had it been granted, would not have delayed the final result, and as but little testimony was taken on the part of the libellant before the amendment was proposed, we think it should have been allowed.

. What occurred after the rejection of the offer, cannot be allowed to operate in the libellant's favor on this point of practice, for it was on his objection the amendment was refused; nor against her, for she proceeded with promptitude to propose the amendment. We are of opinion the amendment should have been allowed and an issue granted, and because this was not done, we feel bound to reverse the decree and send the case back, to be proceeded on in accordance with the views herein expressed. The disputed facts will then be settled by trial by jury.

And now, January 4th 1869, the decree of the Common Pleas in this case is reversed and set aside, at the costs of the appellee, and a *procedendo* is awarded;

[Magill's Appeal.]

and furthermore, it is ordered, that the libellant pay to the respondent, within thirty days from this day, the sum of $100, towards counsel fees and printing paper-books in this appeal, and that the order for the support of the respondent, during the continuance of proceedings in the case, made in the court below, be continued, until otherwise ordered by said court.