## Daugherty, Appellant, v. Daugherty.

*Divorce—Answer to subpœna—Allowance nunc pro tunc—Discretion of court—Act of March 13, 1815, 6 Sm. L. 286, sec. 2.*

Under the Act of March 13, 1815, 6 Sm. L. 286, sec. 2, it is within the sound discretion of the court to allow an answer to a subpœna in divorce to be filed nunc pro tunc.

*Divorce—Desertion by wife—Misconduct of husband.*

If a husband, by his extreme cruelty to his wife compels her for her own safety and protection or to obtain the necessaries of life, to seek a home elsewhere than under his roof, she does not thereby desert him.

Argued April 18, 1905.    Appeal, No. 111, April T., 1904,

by plaintiff, from decree of C. P. Westmoreland Co., Aug. T., 1902, No. 40, refusing divorce in case of William L. Daugherty v. Mary Daugherty.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Subpœna in divorce.   Before McCONNELL, J.
The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*C. W. Eicher* of *Eicher & Eicher*, for appellant.—There being no allegation on the part of respondent that there was surprise, haste, ignorance or mistake ; the proceedings being regular ; no reason for delay assigned, respondent should not have been permitted to file an answer and petition for alimony pendente lite, or give any evidence in support of the same.   An issue will not be granted after the examiner has examined some of the witnesses : Schneider v. Schneider, 9 W. N. C. 253 ; Lathrop v. Lathrop, 2 Northampton, 9.

Incompatibility of temper will not justify wife's desertion. One act of cruelty will not justify wife's desertion : VanDyke v. VanDyke, 135 Pa. 459 ; May v. May, 62 Pa. 206 ; Richards v. Richards, 37 Pa. 225.

Willful desertion is prima facie malicious, which will be presumed.   The desertion being willful "and the reasonable causes" alleged and proven by the respondent not being a legal excuse, her desertion must have been malicious.   And the prayer of the libellant should be granted : Ingersoll v. Ingersoll, 49 Pa. 249 ; McClurg's App., 66 Pa. 366.

*John F. Wentling* and *John F. Wentling, Jr.*, for appellee.

PER CURIAM, July 13, 1905 :
This is an application by the husband for an absolute divorce on the ground of desertion.   The gravity of the questions involved induced us to permit the appellant to amend his paperbook, so that the case might be heard upon its merits.

Two questions are raised by the several assignments of error, as set forth in the statement of the questions involved.

1. As to the action of the court in granting the respondent

leave to file an answer nunc pro tunc.   The subpœna was regularly served; a commissioner was appointed to take testimony; his report had not been filed of record.   Upon application, the court granted the respondent leave to file an answer and the commissioner was directed "to fix a day and hear testimony upon the part of the respondent and any additional testimony that may be brought by the libellant."   The grounds upon which the respondent failed to answer at the proper time do not appear, but the powers granted the court, under the Act of March 13, 1815, 6 Sm. L. 286, sec. 2, are ample to warrant the court in granting permission to file the answer and to take testimony on the part of the respondent.   The act provides: that "The said court shall make such preparatory rules and orders in the cause that the same may be brought to a hearing and determined at the term to which the said process may be returnable or afterwards, at which hearing the court may determine the same, ex parte, if necessary," etc.   What regular fixed rule or rules the court may have in regard to the subject do not appear, but in any event the matter is within the discretion of the court.   Such discretion does not seem to have been arbitrarily exercised in this case and we see no reason for interfering therewith.

2. Was the refusal to grant the divorce justified under the evidence?   The testimony is somewhat voluminous but a careful examination of it satisfies us that the allegations contained in the respondent's answer and the findings of the commissioner as to questions of fact are abundantly sustained.   It is said in Browne on Divorce, 149: "If a husband, by his extreme cruelty to his wife, compel her, for her own safety and protection or to obtain the necessaries of life, to seek a home elsewhere than under his roof, she does not thereby desert him."   The causes here stated seem to have led the wife, upon sufficient grounds, to seek another home for herself and her daughter. It seems to all of us, therefore, that the application of the husband was properly refused.

The appeal is dismissed and the decree of the court below affirmed at the costs of the appellant.