# Frederick G. Newhard v. Christine Newhard, Appellant.

*Divorce—Adultery—Hearings before master—Procedure.*

On a hearing of a libel in divorce before a master, it is error to refuse to permit the respondent to testify even when the record has been formally closed, where the master was sitting to hear argument of counsel, and had not prepared his report.

The parties to a divorce proceeding ought not to be held to mere technical rules as to the order in which evidence is presented, so long, at least, as the arguments of counsel have not commenced and the report of the master remains to be prepared in the future. Any material and relevant evidence tendered by a party competent to testify should be admitted, when the offer is made before the proceeding has so far advanced that it would be unjust to receive the evidence. The refusal to admit such evidence was erroneous and clearly prejudicial to the cause of the respondent.

Under such circumstances the record will be remanded to the Court below, in order that the testimony of the respondent may be received and the Court reconsider the case, and enter such decree as all the evidence, including that of the respondent, requires.

Argued December 8, 1925. Appeal No. 161 October T., 1925, by respondent, from decree of C. P. Lehigh County, October T., 1923, No. 139, in the case of Frederick G. Newhard v. Christine Newhard. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Libel in divorce. Before RENO, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Samuel A. Butz, Esq., as master, who recommended that the libel be dismissed.

On exceptions to the master's report, the court sustained the exceptions, and entered a decree of divorce. Respondent appealed.

*Error assigned,* among others, was the decree of the Court.

*Fred B. G. Gernerd,* for appellant.

*H. H. Steckel,* of *Aubrey, Steckel & Senger,* for appellee.

PER CURIAM, December 14, 1925:

This is a proceeding for divorce from the bonds of matrimony. The court below appointed a master to take testimony and make report to the court. Many witnesses were produced by the parties and much testimony was taken. Counsel for the respondent finally announced that the respondent rested, and counsel for the libellant made a like announcement on behalf of his client. When the master subsequently held a meeting to hear the arguments of counsel, the respondent presented her petition to the master, averring that her counsel had agreed to close the taking of testimony without consulting her as to whether or not she wished to testify. She further averred in the petition that she was innocent of the charges made against her by her husband, and asked permission to testify in the proceeding. When the petition was thus presented counsel for the libellant objected to the granting of the prayer of the petitioner and permitting her to testify, for the reason that the case had been formally closed. The master sustained the objection and refused to permit the respondent to testify in her own behalf, which ruling is assigned for error. The master did subsequently file a report recommending that the libel be dismissed. The libellant filed exceptions to the report, which the learned judge of the court below sustained and entered a decree of divorce.

The respondent had, it is true, attended former meetings before the master and had not been examined by her counsel as a witness. There can, however, be no doubt that she was a competent witness and that the matters with regard to which she wished to testify were material to the issue. That the master had not then even commenced to prepare his report is clearly indicated by the fact that the purpose for which the

meeting was held was to hear the arguments of counsel; yet the testimony of the respondent was excluded upon the ground that "the case had been closed formally". The parties to a divorce proceeding ought not to be held to mere technical rules as to the order in which evidence is presented, so long, at least, as the arguments of counsel have not commenced and the report of the master remains to be prepared in the future. The learned master and the court below disposed of this matter as if the proceeding were a mere ordinary civil action between the parties, a thing in which the public had no interest. The marriage relation is not to be dissolved except for the causes specifically authorized by the statutes, and clearly established by evidence, for the social structure rests upon it. In such cases the court ought not to reject any material and relevant evidence tendered by a party competent to testify, when the offer is made before the proceeding has so far advanced that it would be unjust to receive the evidence. The refusal to admit this evidence was erroneous and clearly prejudicial to the cause of the respondent. We will not enter a final decree in this case, however, for the remedy is to remit the record to the court below, in order that the testimony of the respondent may be received and the court below reconsider the case and enter such decree as all the evidence, including that of the wife, requires.

The decree is reversed and the record is remitted to the court below for further proceedings in accordance with the views above expressed.