## Dupler v. Dupler.

*Divorce—Master—Hearing—Rehearing—Practice, C. P.*

Where a respondent in divorce does not appear at the hearing before the master, although notified, but on the following day, offering excuses for his absence, petitions the master that the testimony taken be stricken off and another hearing fixed, the court will not endorse the action of the master in refusing the request; but if the respondent files no exceptions to the master's report recommending a divorce, and does not appear by counsel when the case is on the list, the court will assume that the respondent has abandoned his petition, and will confirm the master's report.

Master's report in divorce. C. P. Lehigh Co., Sept. T., 1923, No. 85.

*Dewalt & Heydt*, for libellant; *R. C. Mauch*, for respondent.

RENO, P. J., Jan. 4, 1926.—The subpœna was served upon respondent personally. The master's notice fixing Dec. 1, 1925, as the time of hearing was .also served upon respondent personally. The respondent did not appear at the hearing. On the day following the hearing, respondent's counsel presented a petition to the master, alleging that, because of other engagements, respondent's counsel was unable to attend the hearing, and praying for an order to the effect that the testimony taken on Dec. 1, 1925, be stricken from the record and that the witnesses be recalled and re-examined in the presence of respondent and his counsel, so that they might be cross-examined. The master refused the petition by an order dated Dec. 11, 1925, stating as the reason for his action the fact that the respondent had six days' notice of the time of the hearing. On the same date the master filed his report recommending a decree of divorce. Thereupon a rule was entered upon respondent to show cause why a final decree of divorce should not be entered against him, and notice of this rule was served upon the respondent personally. Respondent has not filed exceptions to the report, nor did his counsel appear when the report of the master was presented to us as a part of the regular divorce argument list. The case is before us upon the rule to show cause why a decree of divorce should not be entered against respondent.

The above recital shows that respondent's petition has not been followed by filing exceptions here, nor by the presentation of a similar petition to us, nor by any argument upon the rule. Had he done so, we should have entered an order responsive to the prayer of the petition. As it is, we must assume that he has abandoned the petition.

This action will not be construed as endorsing the action of the master. We have been instructed by the Superior Court in the case of Newhard *v.* Newhard, 86 Pa. Superior Ct. 537, a case which originated in this court, that divorce cases are not to be conducted as though they were ordinary civil actions. Apparently, until a proceeding is so far advanced that it would be unjust to allow them, masters and the court must indulge all requests of the parties which have for their purpose the production of evidence for the consideration of the master. However, we must construe this ruling as admitting of some limitations, so that if the petition presented to the master is' abandoned when the proceeding reaches us for final disposition, we are absolved from its further consideration.

Apart from this, we fully approve of the learned master's report, including his findings of fact and conclusions of law. These are adopted by us and a decree of divorce will be granted.

Now, Jan. 4, 1926, decree of divorce is granted.

From Edwin L. Kohler, Allentown, Pa.

NOTE.—See Newhard *v.* Newhard, 86 Pa. Superior Ct. 537.