## Stratford v. Stratford.

*T. A. Doherty*, for libellant; *Van Scoten & Little*, for respondent.

SMITH, P. J., Nov. 21, 1928.—The chronology of procedure in above case is as follows:

618

Aug. 6, 1928, libel filed and subpœnas issued, returnable the first Monday of October, 1928; the latter returned personally served on the respondent Sept. 7, 1928. And thereupon by præcipe of libellant's attorney, filed Sept. 18, 1928, [the case] was placed upon the trial list for Tuesday following the last Monday of October, 1928, but when called for hearing, it appeared to have been prematurely listed for trial because of no court term having intervened, as required by our rules relating to divorce hearings, and it was, therefore, continued to the January, 1929, divorce court.

Oct. 30, 1928, was filed a power of attorney of the respondent, authorizing the law firm of Van Scoten & Little to enter their appearance of record for him, which was done the same day. Whereupon, *eo die*, the present motion to strike off such appearance by attorney for the libellant substantially for the reason that it was too late, there having been no previous entry of appearance by the respondent, whether personally or by attorney.

No citation of authorities was cited by the attorneys for either party, and we have been forced to our own research, but find no decisions directly in point.

The act of assembly relating to "procedure" in actions for divorce is cited as to time of entry of an appearance by the respondent. This omission was, no doubt, because no decree *pro confesso* can be entered upon a libel in divorce; and if either party will not attend the hearing, the court is required to inquire, which means take testimony in support of the allegations of the libel *ex parte*, and decide only on the evidence: Kilborn *v.* Field, 78 Pa. 194.

The matter of practice is, by the language of the statute, left with the trial court. The act provides that "the said court shall and may make such preparatory rules and orders in the cause that the same may be brought to a hearing and determined, etc.:" Act of March 13, 1915, P. L. 287.

Referring to our own court rules: "Divorce." Rule xx, section 3. "Where no appearance is entered, the libellant may at any time after the return-day, without special order from the court, proceed to take depositions *ex parte* before the standing master, etc."

Section 10 of this rule provides that, within thirty days after the entry of appearance, the respondent's answer shall be filed, and in default thereof the case may be proceeded in and concluded *ex parte*, unless the court, upon cause shown, shall otherwise direct; and this must be read in connection with section 7, which states "no testimony shall be taken in behalf of libellant or cross-examination of witnesses be permitted until an answer is filed." Interpreted by us, that the entering of an appearance for the respondent stays all proceedings at least for thirty days' period within which to file an answer before evidence can be taken *ex parte;* and that an appearance *without* an answer so filed will not entitle respondent to either cross-examine libellant's witnesses or produce testimony in his own behalf.

It is well understood that there is now no "standing master" for divorce cases in this county, and that in all *ex parte* hearings the testimony is taken in open court.

It will, therefore, be observed that neither by statute or our court rules is there any express limitation as to time when respondent's entry of appearance can be made.

The entry of the appearance at bar was made before the case was ready for the trial list, and we are of the opinion in time; it does not appear that the alleged delay has prejudiced the libellant. The case of Paulding *v.* Paulding, 1 W. N. C. 159, appears to support this conclusion. There, the subpœna on libel charging adultery, issued to September Term, 1874; the examiner's

report was filed and rule for divorce taken Dec. 1, 1874. Dec. 3, 1874, the respondent, not yet having any counsel—presumptively not having previously entered appearance—presented petition to file answer *nunc pro tunc*, which was allowed on terms, the court saying "she (respondent) was not to be denied a hearing if she came in before a decree made."

In Daugherty *v.* Daugherty, 28 Pa. Superior Ct. 327, the court below having allowed an answer to be filed *nunc pro tunc* after a commissioner had been appointed to take testimony, on appeal, was affirmed; the opinion, without regard to fixed rule or rules of the lower court on the subject, which did not appear, states: "In any event, the matter is within the discretion of the court; such discretion does not seem to have been arbitrarily exercised."

The appearance objected to was entered without leave of court, and the attitude of the learned attorney for the libellant on this motion would interpret it as an appearance *nunc pro tunc*, and, as such, leave should have been asked from the court, and if asked, should have been refused; even so, it would not be subject to the objections arising in the case of Shay *v.* Shay, 9 Phila. 521, where leave was refused. As at bar, no statutory or court rule requirements have been neglected or violated, we are forced to the conclusion that it was in no sense a *nunc pro tunc* appearance over which the court has any discretion, but as and when entered before the case was properly on the trial list, it was a matter of right, and, therefore,

Now, to wit, Nov. 21, 1928, motion to strike off appearance is refused.

From Gerritt E. Gardner, Montrose, Pa.