## Mann v. Mann.

Stevens & Lee, for libellant.

MAYS, J., Jan. 10, 1930. — Libellant seeks a divorce under the Act of March 13, 1815, § 1, P. L. 150, as amended by the Act of June 28, 1923, P. L. 886, averring that respondent willfully, maliciously and without reasonable cause deserted the libellant and absented herself from his home and habitation for and during the term and space of two years and upwards. The master, after hearing the testimony on the part of the libellant, found that the charge of desertion was sustained and recommended that a divorce a vinculo matrimonii be granted. The respondent entered no appearance and filed no exceptions to the recommendations of the master.

A careful reading of the report discloses that the master caused to be mailed to the respondent a notice of the hearing; that said notice was received by one William Conn, a brother of the respondent; that a letter was by said William Conn addressed to the master, which sets forth, amongst other things, that shortly after marriage the respondent's mind "became unhinged through some cause or another and had to be treated in a Cleveland, O., institution, all of which he [referring to the libellant] knew;" that in September, 1927, the respondent was taken to the Ayr Mental Hospital, where she remained for some time, and was later removed to the Stirling District Mental Hospital at Larbert, Scotland; that it is impossible for the respondent "to attend your office 21 Nov. 1929;" and that the writer would be obliged to hear as to what the decision of the court in this matter will be. Enclosed with this letter was one from R. B. Campbell, Medical Superintendent of the Stirling District Mental Hospital, saying, in effect, that there has been little change in the respondent's mental condition, she being dull, moody and depressed.

There is a burden upon the libellant to establish clearly by the testimony that sufficient grounds exist for the granting of this divorce. Desertion is an actual abandonment of matrimonial cohabitation with an intent to desert,

willfully and maliciously persisted in without cause for two years. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other: Ingersoll v. Ingersoll, 49 Pa. 249. If it should be made to appear that this respondent was mentally ill from a date prior to Aug. 20, 1928, it could not be held that she persisted in a willful and malicious desertion. The libel and testimony disclose that the separation took place at Newton, North Carolina, about Aug. 20, 1926, and that the libellant subsequent to that date resided for some time in Cleveland, Ohio. As we have pointed out, the letter states that the respondent became mentally ill and was treated in an institution in Cleveland, Ohio. The letter itself, of course, would not be legal evidence to justify the court in saying that the respondent was mentally ill at the time she was in the Cleveland institution. However, it brings home to us notice that in all probability the respondent may have a proper defense, which she may or may not be desirous of setting up. In order that the rights of this respondent may be safeguarded, we believe it would be within our sound discretion to allow an answer to be filed nunc pro tunc if she should so request: Daugherty v. Daugherty, 28 Pa. Superior Ct. 327. If this respondent were a resident of this Commonwealth we would be inclined, in furtherance of justice, to cause to be appointed a guardian or committee, as the case may be: see Act of May 4, 1921, P. L. 343. It would have been well for the libellant, if he knew of his wife's condition, to act with the same candor as was done in Little v. Little, 56 Pa. Superior Ct. 419, by calling to the attention of the court, by petition, the fact of respondent's incapacity so that a committee ad litem might be named to make a proper defense if any existed. In this last cited case, even though the proceeding was pending in the courts of Philadelphia and the respondent was confined to an institution in New York, this was the procedure that was followed.

The brother of the respondent has in his letter expressed a desire to be informed as to what the court's decision in this matter will be. Accordingly, we are of the opinion that, since he is a blood relative, he should be given an opportunity to present his petition to intervene as a party in interest if he so desires: see section 2, Act of May 4, 1921, supra.

And now, to wit, Jan. 10, 1930, leave is given the respondent, within two months from this date, to file an answer to the libel in this case nunc pro tunc as of the return day of the writ, and if this is done and the answer thus filed raises an issue requiring a hearing, the case will then be referred back to the master for further proceedings, but if no such answer is filed within the time designated, the case will be disposed of on the evidence as it now stands; and it is ordered that a copy of this opinion be mailed to the respondent, Isabel Reid Mann, at the Stirling District Mental Hospital, Larbert, Scotland, and to William Conn, Wellington Villa, Dalry, Ayrshire, Scotland.

### Supplemental order.

In an opinion filed Jan. 10, 1930, leave was given to the respondent, within two months from said date, to file an answer to the libel in this case nunc pro tunc, and it was stated that if an answer thus filed raises an issue requiring a hearing, the case will then be referred back to the master for further proceedings, but if no such answer is filed within the time designated, the case will be disposed of on the evidence as it now stands. It was ordered that a copy of the opinion be mailed to the respondent, Isabel Reid Mann, at the Stirling District Mental Hospital, Larbert, Scotland, and to William Conn, Wellington Villa, Dalry, Ayrshire, Scotland.

Proof of mailing to respondent and to William Conn has been filed. It fails to disclose by affidavit or otherwise what it was that was mailed to the respondent and to William Conn. All that appears is that letters or parcels were deposited in the Reading Post Office on March 4, 1930, and received by Isabella Reid Mann on March 14, 1930, and by A. Conn on March 15, 1930.

It appearing that the notices were received subsequent to the expiration of the two months' period, thereby making it impossible for the respondent to file an answer, if she so desired, within the limit of time fixed by the court, we now amend the said order to read as follows::

And now, to wit, June 9, 1930, leave is given the respondent, on or before Sept. 1, 1930, to file an answer to the libel in this case *nunc pro tunc* as of the return-day of the writ and if this is done and the answer thus filed raises an issue requiring a hearing, the case will then be referred back to the master for further proceedings, but if no such answer is filed within the time designated, the case will be disposed of on the evidence as it now stands; and it is ordered that a copy of this order be mailed forthwith by the Prothonotary of Berks County to the respondent, Isabel Reid Mann, at the Stirling District Mental Hospital, Larbert, Scotland, and to William Conn, Wellington Villa, Dalry, Ayrshire, Scotland.          From Charles K. Derr, Reading, Pa.