## Hocker v. Hocker

*Homer L. Kreider,* for libellant; *Caldwell, Fox & Stoner,* for respondent.

HARGEST, P. J., February 13, 1934.—The respondent asks leave to file an answer to the defendant's libel nunc pro tunc, and the libellant objects. The libel was filed July 26, 1933, and served July 27, 1933. On July 31, 1933, the respondent presented a petition for an allowance for witness and counsel fees. Counsel fees were paid, but the rule granted has not been disposed of. The master fixed a hearing for October 2, 1933, at which counsel for respondent appeared and cross-examined the witness; and at a hearing on October 19, 1933, after the libellant had finished presenting testimony, the respondent offered testimony which was objected to by counsel for libellant and rejected by the master because no answer had been filed.

Section 31 of The Divorce Law of May 2, 1929, P. L. 1237, provides: "The respondent may . . . cause an appearance to be entered, and file an answer to the petition or libel".

Section 66 provides: "The several courts of common pleas are hereby authorized to make and adopt such rules and practice as may be necessary to carry this act into effect, and to regulate proceedings before masters, and to fix their fees."

The rules of court of this county do not prescribe the time within which an answer may be filed. In Daugherty v. Daugherty, 28 Pa. Superior Ct. 327, it is held: "Under the Act of March 13, 1815, 6 Sm. L. 286, sec. 2, it is within the sound discretion of the court to allow an answer to a subpœna in divorce to be filed nunc pro tunc."

In the case just cited, the answer was permitted after the commissioner was appointed to take testimony. In the case of Randolph v. Randolph, 67 Pitts. 573, where the situation was identical with the instant case, in that the respondent appeared before the master and offered testimony which, under objection, was refused, an answer was allowed to be filed. In Shusett v. Shusett, 69 Pitts. 349, the same situation appeared, and the answer was allowed even without notice to libellant's counsel. In Plyler v. Plyler, 66 Pitts. 151, the court suspended its rule and permitted an answer to be filed after the time had expired, so that irreparable injustice might not be done. In Poteet v. Poteet, 6 D. & C. 422, the first meeting before the master was on June 27th. An additional meeting was held September 22nd. An answer was filed October 1st. The master held that the filing of the answer was too late, and it appeared that counsel for respondent was negligent. He had the answer sworn to and in his possession on June 27th, and did not file it until October 1st; but the court, considering that injustice might be done by refusing testimony of the respondent, sent the case back to the master to take testimony. To the same effect is Fritz v. Fritz, 17 Schuyl. L. R. 326. All these cases hold that the court, in the exercise of its

discretionary power, may permit a respondent to file an answer nunc pro tunc before the report of the master is filed. In the case of Smith v. Smith, 16 D. & C. 414, it is held that permission will not be granted after the time fixed by the rule of court has expired to file an answer, where no cause is shown for the failure to file it before. In that case, the answer was tendered 6 months after personal service. The case at bar does not have the same flagrant delay as the case of Smith v. Smith, and in any event divorces are not favored. The court should be liberal in permitting pleadings to the end that no injustice may be done. Moreover, the Act of May 25, 1933, P. L. 1020, amends section 25 of The Divorce Law of 1929 by specifically providing: "The court may allow any libel to be amended so as to include additional grounds or causes for divorce, including such as arose subsequent to the awarding of the subpœna." If such liberality in pleading is now to be allowed to the libellant, there certainly can be no good reason why the same liberality should not be allowed to the respondent and an answer permitted to be filed nunc pro tunc at any time before the master files his report, especially where there is no rule of court fixing the time within which answers may be filed and where injustice may be done by refusing to hear the respondent's testimony.

Now, February 9, 1934, the petition of the respondent is hereby allowed, and the respondent is hereby granted leave to file the answer tendered and attached to the petition. The master is hereby directed to fix a day to hear the testimony offered on the part of the respondent and any additional testimony which may be offered by the libellant.