## Gillaspy v. Gillaspy

668

*Joseph G. Seesholtz*, for libellant.
*L. P. Dailey*, for respondent.

PALMER, J., May 6, 1935.—On July 23, 1934, the libellant filed his libel in divorce in this case and on the same day a subpœna was awarded.

The endorsement on the said libel, in conformity with rule 106 of the common pleas rules of this court, notified the respondent, Eva Florence Gillaspy, to enter an appearance and file answer thereto within 30 days from Monday, September 10, 1934. Service of the libel was duly made, but no appearance or answer was filed within the designated time, and on October 15, 1934, C. F. Muehlof was appointed master, who fixed October 30, 1934, at 2:30 p.m., to take testimony in the case and report the same to this court. On this day the respondent, her witnesses, and Lawrence P. Dailey, Esq. (now deceased), appeared at the master's hearing and attempted to offer testimony, but the libellant objected to its introduction on the ground that, inasmuch as no answer had been filed to the libel, her testimony and that of her witnesses was incompetent. The respondent recognized the merit in the objection of the libellant, gave notice of an intention to file a petition for leave to file an answer nunc pro tunc and the master adjourned the hearing.

On November 20, 1934, the libellant presented her petition and obtained a rule on the libellant to show cause why an answer nunc pro tunc should not be filed as of October 28, 1934.

In paragraph 3 of this petition, she avers:

"That she failed to file an appearance or to have same

answered for the following reasons: Her said husband, Howard Gillaspy, had previously, to wit, to no. 213, July term, 1932, commenced a divorce action against her to which action she had caused an appearance to be entered in her behalf and had also filed an answer through her attorney, Lawrence P. Dailey, Esq.; that said action was duly dismissed and that she was under the impression that a renewal of any effort to obtain a divorce would be represented in her behalf by her said attorney; that she was unable personally to see her attorney because of his illness and the fact that when she was served with said libel, her attorney, Lawrence P. Dailey, Esq., was out of the State of Pennsylvania for a period of two months and thereafter confined to his home at McAdoo with said illness for a period of one month; that she is extremely poor, as to finances, and unable to pay other counsel in her behalf and that because of her long distance from Schuylkill County and her circumstances of finance as well as because of her poor condition of health, she was unable to have an appearance and an answer made."

The libellant in answer to this paragraph avers that the respondent, according to the record in the case, "took no action whatsoever with reference to contesting this divorce until the hour of noon on the day fixed for the hearing", and, without averring what the statement of the attorney for the respondent was, avers "the statement of the attorney for the respondent further indicates that he was consulted by the respondent the day previous to that date fixed for hearing, and at that time, the attorney for the respondent stated on the record, he had not been retained by the respondent, and that he had only been retained at the noon hour of the date fixed for hearing".

It is not denied anywhere in this libellant's answer that because of the sickness of her counsel, who had been her attorney in a former action brought by this libellant, she was unable to see him, or that she was unable to obtain other counsel because of her poverty or that because

of her poor condition of health she was unable to appear to make answer.

It was held in Daugherty v. Daugherty, 28 Pa. Superior Ct. 327, 329, that under the Act of March 13, 1815, 6 Sm. L. 286, sec. 2 (contents cited in the opinion), the powers granted to the court of common pleas to make preparatory rules and orders "in the cause that the same may be brought to a hearing", etc., were ample to warrant the court in permitting a respondent to file an answer nunc pro tunc, even though "The grounds upon which the respondent failed to answer at the proper time do not appear," the Superior Court saying, "in any event the matter is within the discretion of the court."

In The Divorce Law of May 2, 1929, P. L. 1237, sec. 66, it is provided:

"The several courts of common pleas are hereby authorized to make and adopt such rules and practice as may be necessary to carry this act into effect, and to regulate proceedings before masters, and fix their fees."

This section grants the same powers to courts of common pleas to adopt such rules as may be necessary to bring causes of divorce before them for judicial determination as did the Act of 1815, supra. Hence there can be no question as to our right to permit the filing of an answer by a respondent nunc pro tunc: Smith v. Smith, 29 Schuyl. L. R. 191; Fritz v. Fritz, 17 Schuyl. L. R. 326.

In the Fritz case, the leave to file an answer nunc pro tunc was granted, and in the Smith case, it was refused. In the latter case, Judge Koch said (pages 195, 196) :

"But the respondent's petition showed cause for her failure to file an answer in the Fritz case, whereas here there is no cause shown. Nor was the respondent in the Fritz case guilty of such long delay as is found in this case. Here 187 days elapsed after the subpoena was returnable, whereas in the Fritz case the respondent delayed until only 76 days after the return day."

In the case at bar, the respondent shows cause for her failure to file an answer which we deem good cause, and

her petition for leave to file an answer nunc pro tunc was filed 71 days after the return day. In the Fritz case, Judge Berger said (page 329):

"The reason for the allowance stated in the petition is 'inadvertence and oversight' and this was stated at the argument to have been the inadvertence and oversight of respondent's counsel, due largely, if not entirely, to the failure of the respondent to employ counsel until more than thirty days after the return of the subpœna."

In the case at bar, it is undisputed that sickness of respondent's attorney and her own poverty and poor condition of health existed during the time in which answer should have been made under the rules of this court.

The reason for the respondent's failure to enter an appearance and answer the libel in the instant case seems to us to be much stronger and more meritorious than the reason assigned in the Fritz case.

In the Smith case, as stated by Judge Koch and hereinbefore quoted, no cause for failure to file an answer was shown.

After careful consideration, we feel constrained to permit the respondent to file an answer nunc pro tunc as prayed for by her.

And now, May 6, 1935, the rule to show cause why an answer nunc pro tunc should not be filed as of October 28, 1934, is made absolute, and the respondent is given 21 days from this date to file her answer to the libel filed in the within case.