## Barnitz v. Barnitz

*George Kuhl*, for libellant.
*David Getz*, for respondent.

HENNINGER, J., March 9, 1936.—On October 7, 1935, libellant presented his libel in divorce to the above term

and number, and service of the subpœna was made upon respondent on the same day. On October 14, 1935, respondent obtained a rule for a bill of particulars, which bill was filed on November 8, 1935. On November 25, 1935, a master was appointed, who held a hearing on December 10, 1935. Respondent did not attend the hearing, but counsel entered his appearance and cross-examined libellant and his witnesses. The master, on December 14, 1935, filed his report recommending the granting of a divorce, and on the same date respondent's counsel accepted service of notice of its filing. On February 10, 1936, respondent presented her petition for leave to file an answer nunc pro tunc, alleging that she had acted in haste in deciding not to answer the bill of particulars and stating that an injustice would be done her and that no rights had accrued which would be interfered with.

Where an application for leave to file an aswer nunc pro tunc is made before the master has filed his report, it is almost imperative upon the court to grant the request: Newhard v. Newhard, 86 Pa. Superior Ct. 537; Daugherty v. Daugherty, 28 Pa. Superior Ct. 327.

While the court is not barred from granting such a request thereafter, we have found no appellate court case where, in the absence of fraud, relief was then granted. On the other hand, in every case in which leave was granted, attention was drawn to the fact that the matter was still in the hands of the master: Allison v. Allison, 46 Pa. 321; Magill's Appeal, 59 Pa. 430; Daugherty v. Daugherty, supra; Newhard v. Newhard, supra.

In any case, the matter is for the discretion of the court, which has the right to insist upon the orderly prosecution of litigation in compliance with the procedure established by the acts of assembly and its rules of court. While the court may, on its own motion and at any time, inquire into the merits of a divorce action, when it intervenes it does so not for the benefit of either party but to protect the State. Interested parties have no right to trifle and vacillate while they should be acting, depend-

ing upon the gallantry of the court to rescue them. So the courts have laid down certain conditions which must be present if a dilatory litigant is to receive leniency after delay. The conditions are: (1) That relief must be asked without unreasonable delay; (2) that failure to act must have been due to haste, mistake, surprise or ignorance; (3) that positive injury and injustice would result if relief is refused; and (4) that no right has accrued which it would be inequitable to disturb: Magill's Appeal, supra; Shay v. Shay, 9 Phila. 521.

Respondent has made hers a sure-fire case by quoting verbatim from Shay v. Shay, supra, rather than by stating facts pertinent to this case from which the court might have found the conditions to exist.

We see no value in counting days in determining the reasonableness of delay. We can presume that the procedure established by law and rules of court is reasonable, and delay is measured in relation to the progress of the case rather than to total time elapsed. We find then that, whereas the time fixed for the filing of an answer is 30 days after service of the subpœna, respondent's application was made four months thereafter, three months after service of the bill of particulars, and, what is most serious of all, two months after the filing of the master's report. This we believe to be unreasonable delay.

Akin to the question of unreasonable delay is respondent's allegation that her decision not to contest was made in haste. It is hard to determine whether the desultory cross-examination of witnesses on respondent's part was a part of her decision to contest or of her decision not to contest. Haste is also a relative term depending upon all of the circumstances. The law has fixed a time for respondent's decision and we will not say that it requires undue haste to decide within that time. We note that respondent is a business woman, apparently with a very responsible position requiring intelligence and business experience. A person capable of holding such a position should not require a greater time to make a decision

than the average feminine respondent, unversed in business matters.

Respondent makes the bald assertion that refusal of permission to file an answer will work injustice and injury to her, but does not deign to say in what way this might occur. She does not allege any facts which would constitute a defense to the action or state that any defense exists, hence, if the action is ultimately decided against her, there would be no injustice whatever and the injury would be no greater than any unsuccessful litigant must necessarily suffer.

As to the disturbance of rights, we have pointed out that all of the cases seem to fix the filing of the master's report as the dead line for the exercise of judicial clemency. Every litigant has the right to an orderly and prompt determination of his rights without any unnecessary duplication of costs. Certainly reference back would delay the proceedings by at least the three months which have elapsed since the hearing before the master and would involve needless incurring of costs. If any fraud, promise or persuasion on the part of libellant had caused respondent to make a decision for which she is now sorry, and if the court had been put on inquiry whether real doubt existed as to the rights of the parties, we might be induced even at this late date to reopen this case. Since neither of these conditions exist, the prayer of respondent must be refused. The language of Judge Hargest in Grand v. Grand, 29 Daup. 57, seems to describe this case exactly:

"This whole proceeding smacks of trifling with the administration of justice and is a flagrant effort to get another chance after she has failed in the first."

Now, March 9, 1936, the petition of respondent to file an answer nunc pro tunc is dismissed and the rule therefor discharged. The action may be set for argument upon the rule for a decree in divorce upon the praecipe of either party.

From Edwin L. Kohler, Allentown.