Geyer *v.* Geyer, Appellant.

Argued October 27, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William T. Connor,* with him *John R. K. Scott,* for appellant.

*William C. Schwebel,* for appellee.

OPINION BY JAMES, J., December 11, 1936:

On September 11, 1930, libellant filed his libel in divorce alleging adultery, cruel and barbarous treatment and indignities to the person and the subpoena, returnable October 13, 1930, was personally served upon respondent on September 26, 1930. On September 30, 1930, a warrant of attorney was filed by her counsel; on the same day a rule for bill of particulars issued, and the bill of particulars was filed on February 16, 1931. On July 25, 1931, on motion of libellant's counsel, a master was appointed who held meetings on November 12, 1931, December 15, 1931, February 4, 1932, April 13, 1932 and February 15, 1933. The respondent was present in person at all except the first of these

meetings and was represented at each of the meetings by her counsel, and the witnesses, who testified on behalf of libellant, were subjected to cross-examination by respondent's counsel. Although from the record it does not affirmatively appear that at the close of libellant's case respondent offered testimony on her own behalf, it is quite evident an offer was made to introduce testimony, as on March 28, 1933 respondent's counsel filed a petition averring that owing to the oversight of counsel no answer to the libel and bill of particulars had been filed and praying that an order be made directing the respondent be given leave to file an answer to the libel nunc pro tunc as of February 20, 1931. To the rule granted, an answer was filed by libellant's counsel averring that after hearing on February 15, 1933, libellant closed his case and abandoned the charge of adultery believing that he had produced sufficient evidence on the charges of cruel and barbarous treatment and indignities to entitle him to a divorce, and took this course because respondent had failed to deny the charges set forth in the libel and by reason of her failure to file an answer had placed herself in a position of advantage to the prejudice of libellant. At the argument on the petition and answer, the court suggested that if counsel for respondent would undertake to personally pay or cause to be paid the costs of all further master's hearings, the rule would be made absolute. Because counsel, who appeared at the argument, was not authorized to make such agreement on behalf of his senior counsel, the court discharged the rule. Subsequently, on June 7, 1933, counsel for respondent filed a petition asking for a reargument on the ground that depositions should be taken in order to properly present respondent's position to the court. The rule was granted and depositions were taken, but as the matters set forth in the depositions were of the same nature as set forth in the original rule

and answer, the rule for reargument was discharged. On January 12, 1934, without leave of court, counsel for respondent filed an answer, which, on February 9, 1934, was ordered stricken from the record. In disposing of the testimony taken before him, the master said: "...... As a result thereof, your Master feels that, although he had given proper legal notice to both parties in conformity with the Rules of Court as to the time and place for the taking of testimony, he should regard the case as 'Ex parte,'" and disposed of the case solely on the testimony of libellant and his witnesses. The master recommended that the divorce be granted on the ground of indignities to the person. Exceptions to the report were dismissed by the court of common pleas and a decree granted, from which respondent has taken this appeal, assigning as error the refusal to permit the answer to be filed and the refusal of the master to hear respondent and her witnesses.

In denying respondent's petition to file her answer, the court below relied upon the rules of the courts of common pleas of Philadelphia County which had been adopted in 1926, reenacting rules which had been of long standing and based upon statutory authority, also reenacted by the Divorce Law of 1929, P. L. 1237. Rule 157 provides: "A rule on the respondent to appear and answer within thirty days after the return of the subpoena shall be entered as of course by the prothonotary, at the time of filing the libel"; Rule 165 is as follows: "The respondent, within thirty days after the return day, or afterward by leave of the court, may demur to or answer the libel, or demur to part and answer to the remainder"; and Rule 166 provides in part: "The answer shall be responsive to the libel, and shall be arranged in separate paragraphs numbered to correspond with the paragraphs of the libel." The court of common pleas was fully authorized to adopt these rules, but their interpretation must be considered

in connection with certain general principles governing the administration of the divorce laws. In the recent case of *Bonomo v. Bonomo*, 123 Pa. Superior Ct. 451, 187 A. 222, in discussing a similar question, we said: "Judgment by default or pro confesso does not apply to an action in divorce, as proof of the cause is required to convince not only the court of common pleas, but also the appellate courts, who, on their independent judgment, must find that a cause has been established. Accordingly, the Commonwealth is always the unnamed third party to a divorce proceeding, and the court or master on its behalf should take up the investigation of any fact, the determination of which is material to the issue involved ...... Thus it is incumbent that all the facts concerning the cause of divorce should be fully investigated. Section 31 of the Divorce Law provides that the respondent may file an appearance and an answer, but for the failure to do so, the respondent is not barred from introducing testimony to refute the charges set forth in the libel. True it is, by section 66 of the act, the several courts of common pleas are authorized to adopt such rules and practice as may be necessary to carry the act into effect, and the better practice undoubtedly is that an answer be filed; but the fullest opportunity, at any stage of the proceeding, should be allowed to determine the truth, whether from the respondent or at the instance of the master or the court, subject to such limitations as in the exercise of sound discretion shall not impose undue hardship upon either party." These general principles were recognized by the court of common pleas as Rule 174 provides in part: "It shall be his (the Master's) duty, whether requested by either of the parties or not, to summon and examine such other witnesses as he may have reason to believe had knowledge of any facts relevant and material to the just and proper determination of the case." This rule should be applied not alone to where an answer has been

filed, but in every cause where facts relevant and material to the issue are available.

The court below was largely influenced in its conclusions by the failure of respondent's counsel to make amends for his neglect by the payment of the costs of hearings necessary to take respondent's testimony. But we are not convinced that by the failure of respondent's counsel to file the answer or by his neglect or refusal to pay the costs of the hearings, she should be denied the opportunity to present her cause. We cannot see how libellant's case had been in any way prejudiced by the failure to file the answer. Whether she had failed to file her answer or had even failed to appear, the burden was still upon the libellant to prove his cause. An examination of the record indicates bitter opposition to the charges of the libellant and respondent's attitude clearly showed that it was her intention to offer a defense, and it is idle for libellant to state that he was lulled into a false position by her failure to specifically deny the allegations of the libel. As we view this record, no undue hardship would have been placed upon libellant in allowing respondent to present her cause, and the court erred in denying her the right to file an answer and present her defence.

We recognize that the disposition of this case has been unduly prolonged, but the delay cannot be placed entirely at the door of the respondent. The libellant failed to file an answer to the rule for bill of particulars for nearly five months, delayed his petition for appointment of a master for four months; hearings were had over a period of five months and for some unexplained reason no hearing was held from April 13, 1932 until February 15, 1933. The rule to strike off respondent's answer was made absolute February 9, 1934, but the master's report was not filed until July 18, 1935 and the final decree entered December 16, 1935. The disposition of divorce proceedings, referred to masters, is

at all times within the control of the courts of common pleas, which by proper order or rule should provide for a more expeditious determination than was made of the present case.

Decree reversed with a procedendo.