## Wanner v. Wanner

*K. L. Shirk*, for libellant.
*S. V. Hosterman*, for respondent.

SCHAEFFER, P. J., July 24, 1942.—In this divorce case respondent asked for a rule on libellant to furnish a bill of particulars on the cause of action as set forth in the libel. Libellant contends that respondent waived the right to a bill of particulars because the rule was not taken until after an answer was filed by respondent. Libellant relies upon the case of Rickards v. Rickards, 20 Schuylkill L. R. 9, 10, decided by Judge

Koch, but that case was based on a local rule of court which expressly provides that the rule for a bill of particulars be entered ". . . at any time before filing his or her answer, but after answer filed, no such rule shall be entered unless specially allowed by the court." Similar rules of court were adopted in Delaware County in 1929 and by the Philadelphia Common Pleas Courts in 1926. See Woodward on Motions and Rules in Pennsylvania, p. 703. There is no such rule of court in Lancaster County.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 40, provides: "In any suit or action in divorce, it shall be lawful for the respondent, at any time after the return of the subpoena, to enter a rule upon the libellant to furnish a bill of particulars of the cause of action. . . ." This is a reënactment of the earlier divorce Act of May 25, 1878, P. L. 156, sec. 1. In construing this section of the act Judge Fox in Noll v. Noll, 24 Dauph. 283, 284, said:

"The time given to enter a rule for bill of particulars is 'any time after the return day of the subpoena.' There is no restriction after the return day, and having regard for the policy of the law, which is not favorable to divorces, we must give the broadest interpretation to the words 'any time.' "

In Bruch v. Bruch, 2 D. & C. 54, a divorce case, Judge Reno, of Lehigh County, said: "We doubt whether respondent was entitled to a bill of particulars before filing an answer."

In Keller v. Keller, 5 D. & C. 654, respondent in a divorce case filed an answer and on the same day asked for a bill of particulars. Judge Potter, of Columbia County, took the position that the granting of a bill of particulars, which was allowed by him, is within the discretion of the court "as the case may warrant."

The Commonwealth is always the unnamed third party to a divorce proceeding and the court, or the master on its behalf, may at any stage of the proceed-

ing investigate any fact material to the cause of divorce. The failure to file an answer does not bar respondent from introducing testimony to refute the charges set forth in the libel: Geyer v. Geyer, 124 Pa. Superior Ct. 313; Bonomo v. Bonomo, 123 Pa. Superior Ct. 451. Accordingly, the nature of the charge in the libel may be amplified, whether or not an answer has been filed by respondent.

In the instant case respondent has asked generally for a bill of particulars with respect to all three of the grounds of divorce set forth in the libel, namely, desertion, cruel treatment, and indignities. In Weedon v. Weedon, 34 Pa. Superior Ct. 358, respondent in a divorce case sought a bill of particulars with respect to her alleged adultery. Judge Orlady in his opinion said (p. 362) :

"A bill of particulars is an amplification or more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim or defense made and the nature of the evidence . . ."

In Mowrey v. Mowrey, 25 D. & C. 419 (1935), a divorce proceeding, Judge Reese, of Cumberland County, said (p. 421) :

"It is a matter for the sound discretion of the court whether under the circumstances of the case a demand for a bill of particulars should be granted or refused. This power of the court exists by virtue of its general power to regulate the conduct of trials, and it is incident to its general authority in the administration of justice."

And now, July 24, 1942, the rule for a bill of particulars to be filed by libellant is made absolute, the same to be filed within 30 days from the date of this opinion.