## Colflesh v. Colflesh

*Frank R. Coder*, for plaintiff.
*Archibald M. Matthews*, for defendant.

LANSBERRY, P. J., April 26, 1956.—In this action in divorce on the grounds of indignities to the person and desertion, defendant, Esther Knotter Colflesh, was represented by counsel who first petitioned for counsel fees and obtained an order accordingly, thereafter filed an answer to the complaint and subsequently represented defendant in the property settlement negotiations. William L. Kimmel, Esq., was appointed master by the court on February 14, 1956, and conducted a hearing on March 9, 1956, of which hearing defendant and her counsel had notice. Counsel for defendant attended the hearing but defendant herself, although in the courthouse at the time, did not attend the hearing notwithstanding she had come to Somerset for the purpose and notwithstanding she was fully conscious of the fact that the hearing was in progress at the time. On March 13, 1956, the master filed his report with a favorable recommendation for a decree in divorce. Thereafter, on April 2, 1956, counsel for defendant petitioned the court to refer the matter back to the master for further hearing, alleging in the petition that at the time of the master's hearing, petitioner with her witnesses and counsel appeared, that before any testimony was received plaintiff husband, George W. Colflesh, and defendant entered into a property settlement including an apparently satisfactory amount for support of the minor daughter of the parties, that defendant did not offer testimony nor cross-examine plaintiff, that defendant has not received the household furniture agreed upon, that defendant has a "just and complete" defense to the action, that she desires to offer testimony in her behalf and that she "does not desire a divorce decree be entered". By an amendment filed April 12, 1956, to this petition for rehearing, defendant further alleges that the evidence offered at the hearing was insufficient to sustain a decree in divorce on the ground of indignities to

the person which was the basis of the master's recommendations.

In support of the petition as amended, counsel relies principally upon two cases, Bonomo v. Bonomo, 123 Pa. Superior Ct. 451, and Geyer v. Geyer, 124 Pa. Superior Ct. 313, for the principle of law that largely because of the interest of the State in the family as a basic unit of civilization, the courts are always in control of actions in divorce at all stages of the proceeding. That doctrine admits of no doubt and the cases are authority for the proposition. However, the cases are not applicable to the issue here raised as an examination of both cases will quickly reveal that the procedural issue was whether or not testimony may be offered by defendant in absence of an answer in the former, and in the latter case the pertinent issue was a local rule of court and the extent of the examination and investigation by the master where an answer had not been filed. In neither case was the intentional absence of defendant from the master's hearing a fact or an issue as is the present case. The doctrine and the law are both well stated by Judge James in the Bonamo case at page 455 as follows:

"Thus it is incumbent that all the facts concerning the cause of divorce should be fully investigated. Section 31 of the Divorce Law provides that the respondent may file an appearance and an answer, but for the failure to do so, the respondent is not barred from introducing testimony to refute the charges set forth in the libel. True it is, by section 66 of the act, the several courts of common pleas are authorized to adopt such rules and practice as may be necessary to carry the act into effect, and the better practice undoubtedly is that an answer be filed; but the fullest opportunity, at any stage of the proceeding, should be allowed to determine the truth, whether from the respondent or at the instance of the master or the court, subject to

such limitations as in the exercise of sound discretion shall not impose undue hardship upon either party. See Allison v. Allison, 46 Pa. 321; Magill's Appeal, 59 Pa. 430; Daugherty v. Daugherty, 28 Pa. Superior Ct. 327; Newhard v. Newhard, 86 Pa. Superior Ct. 537."

Returning to the case now under consideration it appears from statements made by counsel and defendant wife at the court hearing on this petition that Mrs. Colflesh did not go into the hearing of the master largely on the advice of her daughter, notwithstanding her counsel was prepared to have her attend the hearing and advised her to do so, and further, when Mrs. Colflesh herself took the witness stand in answer to the inquiry why she wanted this further hearing, she stated she could not rear the minor daughter on the $30 per month maintenance order which had been agreed upon by the parties and subsequently entered as an agreed order by the court. It is rather significant that in court her only expressed concern was the amount of the order.

There are numerous reported lower court decisions remanding the proceedings to the master for further proceedings such as Kemery v. Kermery, 36 Berks 241; Thornton v. Thornton, 30 Wash. Co. 147; Noll v. Noll, 38 Berks 137, and Oleska v. Oleska, 59 D. & C. 297, for additional findings of fact by the master from the testimony adduced; Lee v. Lee, 66 D. & C. 599, for the purpose of clarifying the record of one other than the official stenographer; Strachovsky v. Strachovsky, 62 D. & C. 298, where information regarding an alleged criminal action had come into the district attorney's office touching the divorce action and further information was necessary for the guidance of the court; Cook v. Cook 32 Erie 171, and Kelley v. Kelley, 29 Erie 102, where the report was filed more than two and three years, respectively, prior

to consideration thereof by the court, and also in cases where supplemental and clarifying evidence was necessary, such as Smith v. Smith, 20 Lehigh 363, and Champ v. Champ, 38 Luz. 205.

There are also lower court decisions declining the request for referral back to the master such as Steward v. Steward, 81 D. & C. 230 (1951); Hamilton v. Hamilton, 37 Del. Co. 433 (1951), and Mango v. Mango, 82 D. & C. 459 (1952). In the Steward case, although defendant knew of the master's hearing, he did not attend the same nor have counsel do so, but upon a favorable recommendation by the master sought a rehearing asserting the evidence was distorted, scandalous and prejudicial to him in his employment in the postal service. In that case Judge Sweney said: "a defendant may not wait to see what happens, dislike what he finds and, then, pray the court to exercise its discretion so that the matter may be retried."

In Hamilton v. Hamilton, defendant was represented by counsel throughout all the proceedings and on advice of counsel decided not to file an answer or appear or offer testimony. After an unfavorable recommendation as to him by the master he sought a rehearing before the master on the sole assertion that numerous findings of fact were at variance with the true facts although it appeared that his motive may have been a more satisfactory property settlement. In declining the request Judge Bretherick said: "We are deeply sensible of the fact that the Commonwealth is always the unnamed third party to a divorce proceeding. We are also acquainted with the maxim that it is in the interest of the public that there be an end to litigation; and when a defendant in a divorce action, who has had ample opportunity to present a defense, comes in at the eleventh hour and seeks to delay the case, from what appears to be an improper motive, we think the maxim applies in its full rigor."

Similarly in the Mango case, where a wife defendant, after two hearings, one of which she attended unrepresented and the other which she did not attend after consultation with her counsel, the court, considering her petition for reference to the master, through Judge Bok said in substance that in the ordinary case public policy would require a referral but this is not the ordinary case, defendant wife having the benefit of counsel and having herself decided not to contest the action. Our present inquiry is similar in many respects to these three cases.

In the instant case defendant wife does not appear to us to be as much concerned with the divorce action itself as the amount of the maintenance order for the minor child, a matter, which as she may now understand, is not yet a part of our divorce procedures. Moreover, the whole action in divorce yet remains to be presented to the court by way of the master's report at which time the whole proceeding will be reviewed and considered. Certainly this defendant can point to no breach of law or rule of procedure the benefit of which she has been denied. Significantly, no exceptions have been filed to the master's report during the period provided by the local rules of court. No persuasive reason has been advanced for the requested rehearing and we shall accordingly deny the same in the following

## Order

Now, April 26, 1956, the petition for further hearing before the master and amendment thereto having come on for hearing by the court, and counsel and petitioner appearing, upon consideration, the rule heretofore awarded is discharged and the petition declined at the record cost of plaintiff husband.