## Gitlin *v.* Gitlin, Appellant.

Argued October 17, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadt-
feld, Parker, Rhodes and Hirt, JJ.

*Eugene D. Salus,* for appellant.

*Joseph L. Fox,* for appellee.

Opinion by Hirt, J., January 30, 1941:

This is an action in divorce brought by the husband
on charges of cruel and barbarous treatment and in-
dignities. The master recommended a divorce on both
grounds. The lower court, though in agreement with
the master as to the facts established by the evidence,
found them sufficient to support the charge of indigni-
ties only and a decree was entered on that ground alone.
We are in accord with this view.

The parties were married in Russia in 1910. The
libellant came to this country in 1911 where he was
joined by the respondent in 1913. They lived together
until 1930 when the husband left the respondent in the
city of New York and has since lived in Philadelphia.
From the beginning, the wife displayed an antago-
nistic attitude toward libellant which developed pro-
gressively and was evidenced by constant nagging, re-
proaches, false accusations and frequent acts of vio-

lence. At times her language toward him was vile. She often locked him out of doors and on several occasions threatened his life. Because of her treatment he left home on a number of occasions. The libellant's habits were good and he was industrious. Though in his usual employment as a clerk or waiter in a delicatessen store his wages were small, his wife received all of his earnings and from them accumulated a savings account in her name which she has retained, of more than $5,000. Their one venture into business was a failure but the conduct of the wife cannot be explained on the ground of financial distress. The respondent was of a belligerent disposition and could not get along with people generally; she was well described as out of tune with everything and everybody. On two occasions she was arrested by neighbors on charges of assault or disorderly conduct and was placed on probation. She was unable to maintain a sympathetic relationship with her children. Two of them were brought into The Children's Court and were committed to institutions.

It is unnecessary to review the testimony in detail. The controlling question is one of credibility of the witnesses and it is conceded that the testimony of libellant and his witnesses if true, is sufficient to justify the decree. Our independent estimate of this testimony agrees with the conclusion of the master and of the lower court that it is credible, and in it we find evidence of a course of conduct and repeated and continuous acts of indignities rendering libellant's condition intolerable and his life burdensome. *Sleight v. Sleight,* 119 Pa. Superior Ct. 300, 181 A. 69. We are also of the opinion that libellant was an "injured and innocent spouse," though he was not entirely blameless. The estimate of his children as well as of other witnesses was that libellant when not provoked was a kind and considerate man. The law makes reasonable allowance for human frailties under pressure. *Daly v. Daly,* 137 Pa. Superior Ct. 403, 9 A. 2d 192. His life with re-

spondent was a constant turmoil. The indignities which he suffered were not provoked by him and his retaliation under stress was not excessive. *Andrew v. Andrew,* 121 Pa. Superior Ct. 152, 182 A. 706.

Decree affirmed.