Moatz *v.* Moatz, Appellant.

Argued December 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Wilson A. Wert,* for appellant.

*James C. Lanshe,* for appellee.

OPINION BY HIRT, J., January 17, 1947:

The parties to this action in divorce were married on August 27, 1938, and lived together as husband and wife until December 1, 1943, when libellant left his wife. He brought this action on March 12, 1945, charging cruel and barbarous treatment and indignities to his person. The master, to whom the case was referred, found that the charge of indignities was sustained and recommended a divorce on that ground alone. From the testimony, the lower court came to the same conclusion and entered a decree of divorce accordingly.

Our independent consideration of the record convinces us that libellant has supported the charge of in-

dignities by clear and satisfactory evidence. The testimony clearly discloses a course of insulting, vulgar and abusive conduct on the part of respondent, which rendered libellant's condition intolerable and his life burdensome. Cf. *Sleight v. Sleight*, 119 Pa. Superior Ct. 300, 181 A. 69. The marriage perhaps was doomed to failure from the outset for there was no bond of affection between them. Respondent's misconduct began on the evening of her wedding day, to libellant's embarrassment, when she created a scene amounting almost to a brawl on the street in front of his home where the wedding reception was being held. On a later occasion, at a social gathering, she was guilty of unspeakably obscene conduct after wilfully exposing herself indecently, to some of those present. She at times drank intoxicants to excess. On one occasion she engaged in a conversation with an unnamed man in the barroom of a hotel and was about to leave with him by a side door when she was observed and stayed by libellant. She apparently was attracted to the husband of a neighbor without much encouragement from him, and was seen embracing him and taking liberties with his person. Her conduct toward libellant continually showed, not only an utter lack of affection but an almost fixed hatred of him. She was quarrelsome and abusive in her language and conduct toward him. The testimony of libellant and his witnesses as to the indignities charged, is not contradicted in its entirety by respondent. But even in her denials, her testimony is not convincing. In the main we have found the testimony of libellant credible when in conflict with that of respondent.

That is not to say that we accept libellant's testimony literally in all respects and especially when speaking highly of himself and of his attitude and conduct toward his wife. He was not entirely blameless, although under our appraisement of the testimony, he cannot be characterized as other than an injured and innocent

spouse. Cf. *Gitlin v. Gitlin,* 143 Pa. Superior Ct. 93, 17 A. 2d 685. The indignities of which he complains were not invited nor provoked by his treatment of his wife (*Rausch v. Rausch,* 146 Pa. Superior Ct. 342, 22 A. 2d 221) and he was justified in leaving her when he did because of her conduct.

We are in agreement with the lower court that "The evidence shows a course of indignities beginning with the wedding night and continuing through the period of marriage with many acts of open and vulgar indecencies and obscenities . . ." Libellant clearly is entitled to a divorce.

Decree affirmed.