Daly *v.* Daly, Appellant.

Argued October 13, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*James W. McLea,* with him *John Y. Mace,* for appellant.

*Herbert Mayers,* for appellee.

OPINION BY KELLER, P. J., November 15, 1939:

The respondent wife has appealed from a decree of absolute divorce granted her husband on the grounds of (1) cruel and barbarous treatment, and (2) indignities to the person.

The Divorce Code of 1929 (Act of May 2, 1929, P. L. 1237, 23 PS sec. 10) lays special emphasis on the fact that in order to secure a divorce on either of those grounds, the libellant must be "the injured and innocent spouse." It provides, "When a marriage has been ...... contracted and celebrated between two persons, it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse: ...... (e) Shall have, by cruel and barbarous treatment endangered the life of the injured and innocent spouse; or, (f) Shall have offered such indignities to the person of the injured and innocent spouse, as to render his or her condition intolerable and life burdensome; ......"

It is well settled by the decisions of our appellate courts that the libellant, in order to entitle him or her to a decree of divorce, must establish his or her right thereto by clear and satisfactory evidence: *Edmond's App.,* 57 Pa. 232; *Esenwein v. Esenwein,* 312 Pa. 77, 80, 167 A. 350; *Stewart v. Stewart,* 88 Pa. Superior Ct. 1, 5. It follows, then, that in weighing the evidence relating to the libellant's right to a divorce, the court should not enter a decree based on merely a slight preponderance of the evidence, but should refuse the di-

vorce unless the libellant establishes by clear and satisfactory proof (1) such cruel and barbarous treatment as endangered his life, or such a course of indignities to the person as rendered his condition intolerable and life burdensome; and (2) that the libellant was the injured and innocent spouse.

This does not mean that the libellant must be wholly free from all fault—the law does not intend impossibilities—but it does mean that where both parties are nearly equally at fault, so that neither can clearly be said to be "the injured and innocent spouse," the law will grant a divorce to neither, but will leave them where they put themselves; and if the alleged indignities were provoked by the complaining party, they are not grounds for divorce, "unless when the retaliation is excessive": *Esenwein v. Esenwein,* supra, p. 79; *Richards v. Richards,* 37 Pa. 225, 228; and that means, established to be excessive by clear and satisfactory evidence.

It will serve no good purpose to discuss at length the unsavory details contained in this record. Some of them are too low for recital, and show the libellant in at least as unfavorable a light as the respondent. It suffices to say that we are all of opinion that the evidence fails to establish, in the clear and satisfactory degree necessary, that the libellant is "the injured and innocent spouse" within the meaning of the Divorce Code.

The decree is reversed and the libel is dismissed at the costs of the libellant.