Opinion by
 

 Hirt, J.,
 

 The lower court granted a divorce on the ground of cruel and barbarous treatment. We are unable to find evidence sustaining a decree on that ground nor on desertion or indignities which are also charged in the libel. In our view there is no evidence of a single act of cruel and barbarous treatment. As to desertion, libellant was not driven from his home, as he asserts, and the conduct of the wife did not supply reasonable cause for his leaving. On the charge of indignities, the testimony, considered in its entirety, does not meet the standard of clear and satisfactory proof of such conduct on the part of the wife as is necessary to support the charge.
 
 LaClair v. LaClair,
 
 128 Pa. Superior Ct. 469, 194 A. 224.
 

 The parties were married in 1915. They have an adult daughter, age 23, a son, 22, and twin children, age 9. They lived in a house owned by them, subject to a mortgage, by entireties. The entire down payment on its purchase was a gift from the wife’s father. Libellant, formerly a barber, was employed by the school district as a janitor in 1934 at $100 a month, increased to $140 the following year. There were dissensions in the household and the parties got on together only fairly well during their whole married life. Quarrels
 
 *344
 
 were not infrequent. Respondent’s particular complaint was that her husband continually made excessive sexual demands upon hex*, though financial and other matters also were a source of dissension. However the marriage was fairly successful until 1931 when the twin children were born. Respondent had a difficult time at their birth; her mind was temporarily affected and her recovery after leaving the hospital was slow, covering a period of several months. After her recovery she maintained that the abnormal sexual demands of her husband had affected her health and, for fear of another pregnancy, she denied libellant access and insisted that he occupy a sepax*ate bedroom.
 

 A wife’s refusal to have sexual intercourse with her husband, especially in the circumstances hex*e presented, is not ground for divorce; it is not legal cruelty nor is it an indignity.
 
 Johnson v. Johnson,
 
 31 Pa. Superior Ct. 53;
 
 Platt v. Platt,
 
 38 Pa. Superior Ct. 551;
 
 Hexamer v. Hexamer,
 
 42 Pa. Superior 226;
 
 Cunningham v. Cunningham,
 
 60 Pa. Superior Ct. 622;
 
 McCommons, Jr. v. McCommons,
 
 85 Pa. Superior Ct. 323.
 

 Libellant was irritable, domineering axxd quarrelsome before, but he became more so after he was made to occupy a separate bedroom. He complained that respondent treated him as though she despised him and that she had inspired the same attitude toward him in their children. He testified that she called him vile names, that she threw things at him, quarx*eled with him and harassed him by sending for the police and by a variety of other means. His testimony standing alone would give support to the charge but it is denied by the wife and we cannot accept it in its entirety. His testimony in a number of respects is contradicted by disinterested witnesses. A consideration of all of the testimony convinces us that the libellant was not an injured and innocent party. Much of the conduct of the wife of which he complains was provoked by him and, in essentials, does not constitute such indig
 
 *345
 
 nities as will support a decree. Indignities provoked are not ground for divorce unless tlie retaliation is excessive.
 
 Garbett v. Garbett,
 
 136 Pa. Superior Ct. 333, 7 A. 2d 368;
 
 Scott v. Scott,
 
 135 Pa. Superior Ct. 505, 7 A. 2d 36.
 

 We think the adult son correctly appraised the situation. When, after libellant was obliged to occupy a separate room, his wife and children began to ignore him, libellant interpreted their conduct as a studied determination to exclude him from every phase of family life. The son indicated the reason for their attitude. He testified that his father became increasingly irritable and unreasonable and that it was impossible to please him. He said that his mother put up with libellant’s conduct as long as she could and then became indifferent; that the family ignored him only when everything that was said to him .led to an argument. Our conclusion from an independent examination cf the testimony agrees with that view. The treatment libellant received from respondent was invited by his attitude toward her.
 

 Decree reversed and the libel dismissed at the costs of libellant.