## Scott v. Scott

*Edward E. Petrillo,* for libellant.

*Robert H. Chase,* for respondent.

KITTS, P. J., August 9, 1943.—The court does not believe the testimony of either the libellant or the respondent nor all of the corroborating witnesses. If there ever was a case of the "kettle calling the pot black", this is it. What has love got to do with this sordid divorce case?

The Commonwealth of Pennsylvania is always a silent and interested third party in divorce actions, and the good of society must be considered. It would be a miscarriage of justice to turn these parties loose to enter into future marriage contracts.

We recently ruled in the case of Presser v. Presser, 49 D. & C. 44, citing in particular the case of Daly v. Daly, 137 Pa. Superior Ct. 403, that in order to entitle a libellant to a divorce on the grounds of cruel and barbarous treatment or indignities to the person the libellant must establish his or her right thereto by clear and satisfactory evidence. At least there must be a fair preponderance of evidence in favor of the libellant. But where both parties are nearly equally at fault, so that neither can clearly be said to be the "injured and innocent spouse", the law will grant a divorce to neither, but will leave them where they put themselves.

There is still pending in this court a divorce action between these same parties, Dorothy Scott v. Clarence Jay Scott, September term, 1942, no. 25. The libel was filed on September 3, 1942, the subpœna served, and nothing whatsoever done thereafter. Therefore, the instant case is improperly in court.

In view of the foregoing, we make the following

*Order*

And now, to wit, August 9, 1943, divorce refused and libel dismissed.