Charlton, Jr., *v.* Charlton, Appellant.

608

Argued October 8, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Ralph Schwartz*, with him *Harry D. Sporkin*, for appellant.

*Barry H. Hepburn*, for appellee.

OPINION BY HIRT, J., November 18, 1946:

The libel in this case charged desertion and indignities to the person. Respondent admitted that she left her husband but attempted to justify the separation upon reasonable cause alleging that she had been subjected to such indignities by libellant as would have entitled her to a divorce on that ground, had she sought it.

The parties were married on December 12, 1938. Respondent without warning left the libellant, finally, on June 4, 1942. In his absence, she removed all of the furniture from their common home in Philadelphia and stored it in a warehouse in a name other than that of her husband. The master, after a thorough and discriminating appraisal of the testimony, found a wilful and malicious desertion of libellant by respondent, persisted in for more than the statutory period, and recommended a divorce. The lower court reached the same conclusion from the testimony and entered a decree

on the charge of desertion alone. Both the master and the court found that neither the libellant's nor the respondent's charge of indignities was sustained because of lack of continuity of the alleged acts of indignity necessary to establish a course of conduct. In our judgment, they were both right in this conclusion. Moreover, while the parties lived together, their principal, if not their only form of recreation, so far as the record discloses, was indulgence in the tap rooms in the neighborhood. They drank in each other's company, but more frequently perhaps, each of them drank and often to excess, with chosen associates in the absence of the other. Libellant provided for his wife adequately and excessive drinking accounts for all of the acts of indignity complained of by libellant and by the respondent. The conduct of each, in this respect, was balanced by that of the other. Certainly insofar as the alleged indignities by libellant were invited by the conduct of the respondent they do not constitute grounds for divorce, justifying her desertion of him. *Rausch v. Rausch,* 146 Pa. Superior Ct. 342, 22 A. 2d 221.

There remains the question whether the desertion was persisted in throughout the statutory period or whether it was terminated by sexual intercourse, evidencing a reconciliation. *Trussell v. Trussell,* 116 Pa. Superior Ct. 592, 177 A. 215. Respondent testified that libellant spent several weekends with her during the period and that they also had marital relations even after the libel was filed and prior to its service on her. Libellant positively denied all intimacy with his wife, after she left him on June 4, 1942. The evidence was no more than oath against oath. Our judgment however, is that the prepondering credibility is with him. Admissions of respondent, and other uncontradicted testimony, are inconsistent with her assertion that libellant lived with her after the separation. Respondent clearly intended to terminate cohabitation when she left her husband and took all of the furniture from their joint home.

Thereafter in the Municipal Court in the course of a support proceeding when libellant said: "I'd like to give her another chance if we can settle it right here", her response was: "No, I don't want to live with him". And before the master, when asked: "Do you want to go back and live with your husband now?" she replied: "No."

Our conclusion is that libellant's charge of wilful and malicious desertion has been established by clear and satisfactory evidence and that respondent has not met the burden on her of reducing it to a justified separation.

The decree is affirmed.