## Anthony, Appellant, *v.* Anthony.

Submitted November 13, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Martin H. Philip* and *Jacob Philip,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY RHODES, J., December 11, 1946:

Appellant filed her libel in divorce a. v. m. on the grounds of cruel and barbarous treatment and indignities to the person. Both the master and the court below were of the opinion that the libel was fatally defective for want of a specific allegation that libellant was "the innocent and injured spouse." The court dismissed the libel without prejudice, and libellant has appealed.

Support for the action of the court below is sought in *Daly v. Daly,* 137 Pa. Superior Ct. 403, 9 A. 2d 192, where we said, in an opinion by the late President Judge KELLER (at page 404): "The Divorce Code of 1929 (Act of May 2, 1929, P. L. 1237, 23 PS § 10) lays special emphasis on the fact that in order to secure a divorce on either of those grounds [cruel and barbarous treatment or indignities], the libellant must be 'the injured and innocent spouse.' It provides, 'When a marriage has been . . . contracted and celebrated between two persons, it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse: . . . (e) Shall have, by cruel and barbarous treatment endangered the life of the injured and innocent spouse; or, (f) Shall have offered such indignities to the person of the injured and innocent spouse, as to render his or her condition intolerable and life burdensome; . . .'

"It is well settled by the decisions of our appellate courts that the libellant, in order to entitle him or her to a decree of divorce, must establish his or her right thereto by clear and satisfactory evidence: Edmond's App., 57 Pa. 232; Esenwein v. Esenwein, 312 Pa. 77, 80, 167 A. 350; Stewart v. Stewart, 88 Pa. Superior Ct. 1, 5. It follows, then, that in weighing the evidence relating to the libellant's right to a divorce, the court should not enter a decree based on merely a slight preponderance of the evidence, but should refuse the divorce unless the libellant establishes by clear and satisfactory proof (1) such cruel and barbarous treatment as endangered his life, or such a course of indignities to the person as rendered his condition intolerable and life burdensome; and (2) that the libellant was the injured and innocent spouse."

We think the court below erroneously assumed that the status of libellant as an "innocent and injured spouse" is an indispensable averment to be expressly pleaded in the libel.

The careful reading of our opinion above quoted will disclose that we there stated not a rule of pleading but a rule for the evaluation, in its entirety, of the evidence submitted to the court in a divorce action. This rule is consistently applied. *Harding v. Harding,* 156 Pa. Superior Ct. 438, 40 A. 2d 869; *Castner v. Castner,* 159 Pa. Superior Ct. 387, 48 A. 2d 117.

In order to determine whether a particular libellant is an "innocent and injured spouse," the court must not only examine and weigh the evidence relating to the many complex factual situations which make up the total picture of marital conduct, but it must evaluate this evidence with relation to the defenses available to the respondent in connection with the particular grounds for divorce relied upon by the libellant. See *Ristine v. Ristine,* 4 Rawle 459 (460); *Mendenhall v. Mendenhall,* 12 Pa. Superior Ct. 290, 297.

The phrase or expression is not without weight in reaching an ultimate conclusion and in sustaining a decree granting or refusing a divorce. However, the implication could not be ignored if the description of the essential status of a libellant in various aspects of the several causes for divorce had not been so expressed in the act. See 1 Law of Marriage and Divorce in Pennsylvania, Freedman, § 393. But the phrase is not a part of the charge or ground for divorce to be alleged in the libel. See section 25 of the Divorce Law, Act of May 2, 1929, P. L. 1237, as last amended by the Act of April 18, 1945, P. L. 255, § 1, 23 PS § 25. As used in the act, it is a descriptive phrase for designating the one of two spouses who, because of the reasonable expectation of establishing a valid case, assumes the role of libellant.[1] See section 10 of the Divorce Law, 23 PS § 10. An analogous situation was presented in *Plank v. Plank*, 45 D. & C. 692. There suit for divorce was brought on the ground of desertion. The master called attention to the averment in the libel that respondent was absent from the "habitation of the libellant" instead of the "habitation of the injured and innocent spouse," and recommended that the libel be amended. The court, in an opinion by SHEELY, P. J., held that this was not necessary, and said (pp. 693, 694) : "The fact that libellant is an innocent and injured spouse forms no part of the charge against respondent, and that term is included

---

[1] The first general statutory provision for divorce was the Act of September 19, 1785, 2 Sm. L. 343, 12 Pa. St. at L. 94, the preamble of which recited: "Whereas it is the design of marriage, and the wish of parties entering into that state, that it should continue during their joint lives, yet where the one party is under natural or legal incapacities of faithfully discharging the matrimonial vow, or is guilty of acts and deeds inconsistent with the nature thereof, the laws of every well regulated society ought to give relief to the innocent and injured person." See, also, Act of March 13, 1815, P.L. 150, 6 Sm. L. 286.

in the definition of desertion merely as a description of the habitation from which respondent must have absented himself. There are many decided cases holding allegations of desertion defective because of inaccurate language or the omission of essential facts, but we have found no case requiring an allegation that the libellant is an innocent and injured spouse, whether the ground for the divorce be desertion or some other cause."

We are of opinion that libellant was not required to include in her libel an averment that she is the "innocent and injured spouse," and that the court below erred in dismissing the libel for want of such an averment.

The order of the court below is reversed, and the libel is reinstated with a procedendo.