McGuigan, Appellant, *v.* McGuigan.

Argued September 30, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Claude O. Lanciano,* for appellant.

*John Rogers Carroll,* with him *Richard T. McSorley* and *Joseph Patrick Gorham,* for appellee.

OPINION BY ROSS, J., March 24, 1955:

In this divorce action based on the charge of indignities to the person, the master recommended that a divorce be granted, the court below sustained defendant's exceptions to the master's report and entered an order dismissing the complaint, and the husband-plaintiff has appealed to this Court.

The parties were married on September 23, 1931 and established residence in Philadelphia. They have a son, born on October 28, 1939. They separated in March 1945 and this action was commenced on September 3, 1952.

The basic complaints of the plaintiff are that his wife "forcibly prevented him from completing the act of sexual intercourse", that she accused him of infidelity, and that she was guilty of physical violence. He testified that after the marriage defendant told him she did not want any children until she was ready to leave her employment and that as a result she required him to practise birth control until she did leave her employment. After the birth of the child she objected to having other children and again required him to practise birth control to which he acquiesced reluctantly, and that marital relations were discontinued early in 1942.

The defendant's accusations of infidelity allegedly began in the fall of 1932 when plaintiff sought to augment his income by singing on the radio and in night clubs. He testified that almost immediately after he began this work defendant accused him of having im-

proper relations with chorus girls. He continued the work for three or four years, until 1936, during which period the accusations of infidelity were, according to him, reiterated constantly, at least a couple of times a week, "throughout the entire period" of the married life of the parties, and that the accusations led to actual physical violence on the part of the defendant. He recited details and fixed approximate dates of specific instances, during the course of one of which his glasses were broken.

The defendant presented evidence which, if believed, would tend to show that, though certain restraints existed as to the sexual relations of the parties, they were agreeable to the plaintiff, that plaintiff had more than a friendly interest in a number of women, and that when she struck him and once threw an ashtray at him, her acts were in her own defense or in retaliation for attacks initiated by plaintiff.

With respect to the alleged irregularities in the marital relations of the parties, our examination of the record leads us to concur in the observation of the court below that "It is far from clear from the testimony that the plaintiff did not acquiesce in whatever restraints upon sexual relations were practised". In our view, however, the matter is of little or no legal significance. Refusal of sexual intercourse does not constitute an indignity to the person (*Rausch v. Rausch*, 146 Pa. Superior Ct. 342, 22 A. 2d 221; *Taylor v. Taylor*, 142 Pa. Superior Ct. 441, 16 A. 2d 651; *James v. James*, 126 Pa. Superior Ct. 479, 191 A. 191), and the refusal to bear children does not constitute an indignity since the refusal of sexual intercourse is no cause for divorce. *Taylor v. Taylor*, supra. In the present case the plaintiff does not allege that his wife refused sexual intercourse but he contends only that such intercourse was unsatisfactory by reason of the

restraints she imposed thereon. Obviously if outright refusal is not an indignity, something less cannot be.

The master found that the defendant accused the plaintiff of "going with other women". The court below did not disturb this finding and we, in view of the defendant's confused and evasive testimony on this phase of the case, find no reason to do so. Defendant denied that she accused the plaintiff of improper conduct with his secretary and with entertainers at the night club where he took his meals during her temporary stay in Atlantic City, where she had gone until an eczema condition from which she was suffering had cleared. She related that plaintiff told her that girls "just swooned over him", "how wonderful the lady in red was that he met in Altoona", and that these statements led to arguments between them. She found pictures of a woman in plaintiff's wallet under his pillow which she thereupon appropriated, and testified to an incident following his arrival home at 3 a.m. sometime in 1934 or 1935, during the course of which quarrel blows were exchanged between them.

Indignities to the person as a ground for divorce contemplates a course of conduct or continued treatment, not a single act or acts separated by long intervals of time. *Esenwein v. Esenwein,* 312 Pa. 77, 167 A. 350; *Hahne v. Hahne,* 168 Pa. Superior Ct. 324, 77 A. 2d 682; *Craig v. Craig,* 170 Pa. Superior Ct. 530, 85 A. 2d 626. The specific acts of the defendant relied upon by the plaintiff to prove indignities are isolated instances of misconduct covering some 14 years of married life. His general statements to the effect that defendant's accusations of infidelity were "reiterated constantly" or "at least a couple of times a week, anyway" and that she abused him physically "throughout the entire period" of their married life do not cure the defect in his case. Such statements

afford no reasonable basis for cross-examination, nor do they present an opportunity for specific contradictory testimony. Moreover where, as here, plaintiff's principal complaint is that the defendant accused him of infidelity, his conduct must be subjected to close scrutiny. If his associations with other women furnish his wife with reasonable grounds for suspicion, accusations of infidelity do not support the charge of indignities. *Politylo v. Politylo,* 173 Pa. Superior Ct. 223, 95 A. 2d 241; *Cunningham v. Cunningham,* 171 Pa. Superior Ct. 577, 91 A. 2d 301; *Kranch v. Kranch,* 170 Pa. Superior Ct. 169, 84 A. 2d 230.

Plaintiff admitted that he was friendly with women at the night club while his wife was out of the city and that he had pictures of another woman in his wallet. When confronted with letters he had received from a number of women, which letters are, as the court below put it, "couched in rather warm terms", he explained that the writers of the letters were "business girls" and admitted that he occasionally "would kiss them good night getting out of the car" but that he never indulged in "cuddling or any hugging" because "most of them were not that attractive, believe me". This appears to support defendant's testimony which would indicate that he boasted to her of the effect of his charms on other women.

Plaintiff argues that since defendant had not seen the letters from the "business girls" and was consequently without knowledge of their contents until after separation of the parties she could not have had justification for suspicions flowing from the letters. Our examination of the record, however, convinces us that she had a reasonable basis for suspicion otherwise. Furthermore, plaintiff's argument, which tacitly admits the incriminating nature of the letters, ignores the requirement that only an injured and innocent spouse

is entitled to a divorce. See *Carter v. Carter*, 166 Pa. Superior Ct. 499, 72 A. 2d 621; *Wilson v. Wilson*, 163 Pa. Superior Ct. 546, 63 A. 2d 104; *Gensemer v. Gensemer*, 176 Pa. Superior Ct. 508, 108 A. 2d 834.

Plaintiff's complaint that his wife was guilty of physical violence is subject to the same objection as that he was accused of infidelity by her in that the acts specified by him were separated by long intervals of time. Nor is it clear from the record that the violence complained of was not provoked by his own conduct. Indignities provoked by the plaintiff are not ground for divorce unless the retaliation was excessive. *Celia v. Celia*, 164 Pa. Superior Ct. 569, 67 A. 2d 447; *Wasson v. Wasson*, 176 Pa. Superior Ct. 534, 108 A. 2d 836.

Our examination of the record de novo for the purpose of determining whether the charge of indignities has been sustained (*Bobst v. Bobst*, 357 Pa. 441, 54 A. 2d 898; *McNally v. McNally*, 176 Pa. Superior Ct. 494, 108 A. 2d 839) leads us to conclude that the complaint was properly dismissed by the learned court below and the decree in divorce refused.

Order affirmed.