Herger, Appellant, *v.* Herger.

Argued March 23, 1961. Before ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., and WOODSIDE, J., absent).

*Israel Stiefel,* for appellant.

*William F. Quinlan,* for appellee.

OPINION BY MONTGOMERY, J., April 13, 1961:

This is an appeal from an order dismissing exceptions to a Master's report and the complaint in an action for divorce a.v.m. brought by the appellant. The appellant, Carl Paul Herger, and the appellee, Anna Louis Herger, were married April 11, 1931, and cohabited as husband and wife until February, 1957. A son, now 25 years of age, was born of the marriage.

Appellant's complaint alleges indignities beginning with the year 1933 and continuing for 24 years until the time of separation. The case was referred to a master, who recommended that the complaint be dismissed because of insufficient evidence. Appellant filed exceptions challenging every finding of fact and the conclusions of law made by the Master. Upon these exceptions the case was heard by the lower court en banc, which accepted the recommendations of the master and, after permitting reargument, reaffirmed its order dismissing the complaint.

At the Master's hearing appellant's testimony cites instances wherein he accuses his wife of name calling,

periods of silence, failure to prepare his meals, insults, slurs, an attempt to have their son lose respect for his father, a lack of respect for appellant's mother, and a feigned attempted suicide for the purpose of frightening him.

It is apparent from the record that these instances of which the appellant complains are isolated and sporadic and span practically the entire period of the marriage. The testimony shows that in 1933 appellee threw something at the appellant but that it had been ten years since appellee last threw anything at him; that the appellee failed to prepare meals for her husband on six occasions but this was over a period of 24 years; that the appellee threw out some food delicacies purchased by the appellant but this happened ten years prior to their separation; that once or twice appellee had thrown her wedding ring at appellant; that fifteen years prior to the separation she had tossed some clothing of appellant's out the window; that ten years prior to separation she had appropriated a $20.00 income tax refund check.

Appellant further testified that the appellee refused to attend social functions with him. This is admitted, but the appellee explains that she was unable to attend these functions because she did not own suitable clothing.

Appellant complained. that his. wife attempted .to alienate his son's affections and undermine his respect for him. The son denied this and, on the contrary, testified that his mother required of him that he always respect his father and that he still had a deep affection for the father.

Indignities is a ground for divorce which is concerned with injury to the intellect, sensibilities, self-respect or personal honor of the subjected spouse as distinguished from physical harm. *Hess v. Hess*, 131 Pa. Superior Ct. 601, 200 A. 2d 157. Our Supreme

Court has stated that indignities may consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule and every other plain manifestation of settled hate and estrangement. *McKrell v. McKrell*, 352 Pa. 173, 42 A. 2d 609.

However, for indignities to be a ground for divorce there must be a series of them, a course of conduct, as distinguished from isolated incidents, which has made conditions intolerable and life burdensome for the injured spouse. *Soper v. Soper*, 178 Pa. Superior Ct. 182, 112 A. 2d 420.

In the present case, because of the length of time in which the marriage subsisted, it can not be said that any of the above instances complained of by the appellant or all of them taken together over the years are sufficient to constitute a course of conduct which made conditions intolerable and the appellant's life burdensome.

The principal argument advocated by the appellant is that the appellee subjected her husband to periods of disdainful silence and manifestations of aversion. These intervals of silence were of various duration. There was testimony that one such period lasted three years. Appellee readily admits that there were some periods during her married life when she was despondent and depressed. She testified that she had been the patient of a chiropractor who had helped her. Appellant knew at the time she was under the care of the chiropractor but it is not shown that he ever suggested psychiatric care, except through his counsel after commencing the divorce action. The appellant contends that these periods of silence constitute a type of negative behavior which several lower court decisions have indicated is sufficient to establish indignities. The appellant particularly relies on the case of *Clements v. Clements*, 21 Pa. D. & C. 661 (1934), in which the

court was confronted with a period of silence for one year prior to final separation. This case is clearly distinguishable. There the ground for divorce was desertion, the wife contesting on the basis that her leaving was justifiable since her husband had been guilty of indignities. The court held that the periods of silence, along with other continuous conduct on the part of the husband such as refusing to eat with her, refusing to share a common bedroom, prohibiting her from touching his laundry, publicly advertising his refusal to be responsible for her debts, frequently imposing penalties when something displeased him, ignoring her in all the social relations of life and hardly so much as seeing her from one week to another, aggregated such withering and devastating contempt during a substantial period immediately prior to the separation as to constitute indignities. Nowhere is it stated that periods of silence alone constitute indignities. In the present case the intervals of silence complained of occurred throughout the entire marriage and one such interval, which was stated to have ended five years before the separation, allegedly lasted for three years.

The appellant does not give any reasonable explanation of why he continued to suffer these alleged intolerable conditions and burdensome life for 24 years.

Delay in bringing an action in divorce raises the question whether the action was brought by libellant in sincerity and truth for the causes mentioned or for the mere purpose of being filed and separated for one's own purposes.

This Court has said that long delay in bringing an action in divorce after a separation casts doubt on the good faith of the plaintiff. *Orme v. Orme*, 177 Pa. Superior Ct. 209, 110 A. 2d 870. The same reasoning is even more applicable where there is no separation

and the alleged indignities continued over a long period of years.

Our independent analysis of the testimony fails to disclose the existence of such a course of conduct amounting to indignities sufficient to constitute grounds for divorce.

Order affirmed.