## Hughes *v.* Hughes, Appellant.

Argued June 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Henry D. O'Connor,* for appellant.

*Joseph Alessandroni, Jr.,* for appellee.

OPINION BY WRIGHT, J., September 12, 1961:

On April 1, 1947, John V. Hughes filed a complaint in divorce a.v.m. against his wife, Edith I. Hughes,

nee Sena, on the ground of indignities to the person. The parties were thereafter reconciled and lived together until August 15, 1953, on which date the wife left the marital domicile. An amended complaint was filed by leave of court on July 13, 1959, adding desertion as a second ground for the divorce. After taking testimony at four lengthy hearings, the Master found that the husband was not entitled to a divorce on the ground of indignities, but recommended a decree on the ground of desertion. The court below dismissed the wife's exceptions to the report of the Master, and directed the issuance of a final decree. The wife has appealed.

The parties were married on May 16, 1925 by a Justice of the Peace in Media, Pennsylvania.[1] The husband is fifty-six years of age and is now an insurance agent. The wife is fifty-five years of age and has been variously employed, mostly as a waitress. Six children were born to this union, of whom five are living. The parties are of different religious faiths, and the initial difficulty arose over the baptism of the first child. There is a voluminous original record, and we will not burden this opinion by discussing it in great detail. In addition to his own testimony, the husband produced five lay witnesses and one medical witness. In addition to her own testimony, the defendant offered the testimony of eight witnesses. The husband's theory was that the wife falsely accused him of improper relations with other women, that she spied on him, made scenes in public, and assaulted him on various occasions. The wife's theory was that her husband taunted her with his extra-marital affairs, that he would stay out at night, that he refused to engage in sexual rela-

---

[1] There was an additional ceremony in Philadelphia, Pennsylvania on December 3, 1927, according to the rite of the Roman Catholic Church.

tions with her, and that he did not support her properly.

On the pivotal issue of desertion, the husband testified as follows: "A. It was very bad . . . She always used to say to me, 'As soon as these children are old enough to take care of themselves you can go fish for yourself because I am going to leave you as soon as the children are old enough to take care of themselves'. So on August 15, 1953 . . . When I got home at six o'clock at night I walked in the door and I looked around and everything was gone except a few odd pieces of furniture . . . Q. You lived at this address for how long after Mrs. Hughes left? A. I lived there from August 15th to October 1st; about a month and a half. Q. Did you get in touch with her during that time? A. Well, for about three weeks I didn't know where she was because she didn't leave no address and I finally found out where she was living and I went there . . . I used to go there to see the daughter every once in a while and I would speak to her, but she wouldn't have anything to do with me. She wouldn't come back with me. Q. Did you ask her to? A. Yes, I asked her several times. Q. What was her reply? A. She just said that she wouldn't have anything to do with me. She told me when the children got raised she was going to leave me and that was that. She had no further use for me. The children were raised. I just served a purpose". The wife admitted that she "moved out without him knowing it", and that she made no effort to return. In this connection she testified as follows: "Q. It was your own idea to stay away? A. That's right. If I wanted to stay with my husband I wouldn't have left him. Q. In fact, you never made any attempt to go back with him after August of 1953, isn't that true? . . . A. I never made any attempt to go back with my husband, no".

In *Jablonski v. Jablonski*, 397 Pa. 452, 155 A. 2d 614, Mr. Justice COHEN made the following pertinent statement: "It is necessary for the plaintiff, in order to establish desertion, to show that the withdrawal from the domicile was both wilful and malicious and was persisted in for the required statutory period without reasonable cause; then if defendant produces testimony showing consent of the plaintiff to the withdrawal, this evidence may or may not overcome the plaintiff's evidence of wilfulness and maliciousness in the mind of the fact-finder". There is no question in the instant case that the wife's withdrawal from the domicile was intentional. Cf. *Partleton v. Partleton*, 169 Pa. Superior Ct. 485, 82 A. 2d 684. There is also no dispute that it was persisted in for the required statutory period. The wife does not contend that her husband gave his consent, but takes the position on this appeal that she was justified in withdrawing from the domicile because "her condition became intolerable and life burdensome as the result of a course of conduct by her husband evidencing contempt, hatred and estrangement". The burden of proof in this regard was upon the wife: *Colin v. Colin*, 190 Pa. Superior Ct. 125, 151 A. 2d 801. See also *LaSpina v. LaSpina*, 151 Pa. Superior Ct. 175, 30 A. 2d 248; *Urbaczewski v. Urbaczewski*, 158 Pa. Superior Ct. 614, 45 A. 2d 925; *Schrock v. Schrock*, 162 Pa. Superior Ct. 362, 57 A. 2d 601; *Zirpoli v. Zirpoli*, 185 Pa. Superior Ct. 378, 138 A. 2d 295. The reasonable cause which is justification for one spouse leaving the other is that which would entitle the separating party to a divorce: *Danna v. Danna*, 187 Pa. Superior Ct. 129, 144 A. 2d 465.

Since this appellant sought to justify her withdrawal by attempting to make out a case of indignities to the person, she assumed the obligation of showing that her husband's conduct rendered her condition intolerable and life burdensome, and that she was the

injured and innocent spouse: *Lombard v. Lombard,* 194 Pa. Superior Ct. 162, 166 A. 2d 98; *Herger v. Herger,* 195 Pa. Superior Ct. 40, 169 A. 2d 329. The burden was on her to establish compelling and imperious reasons, and to prove her case by a preponderance of clear and satisfactory evidence: *Matovcik v. Matovcik,* 173 Pa. Superior Ct. 267, 98 A. 2d 238; *Baxter v. Baxter,* 192 Pa. Superior Ct. 62, 159 A. 2d 533. Appellant's complaints against her husband are summarized in the following excerpt from her testimony: "Q. And you left because he didn't give you enough money to run the house properly and also because he denied the marital relationship to you? A. That's right. We didn't live as husband and wife. Q. He wouldn't live as husband and wife and I think you said that was going on for about two years before? A. Yes. Q. And that was sometime back in 1951? A. That's right. Q. Were there any other reasons why you left? A. Well, no. Well, because he was never home either". The Master found that the testimony adduced by appellant did not establish that the husband had given her sufficient cause to leave. While we are not concluded by the Master's appraisal, it is entitled to considerable weight, especially when the report, as in the instant case, presents a searching analysis of the testimony and has been approved by the court below: *Giuffre v. Giuffre,* 187 Pa. Superior Ct. 154, 144 A. 2d 477.

Appellant's charges of failure to support, refusal of sexual relations and absences from home do not necessarily require a finding that a case of indignities has been made out. Cf. *Reddick v. Reddick,* 194 Pa. Superior Ct. 257, 166 A. 2d 553. Mere nonsupport does not in itself constitute an indignity: *Fisher v. Fisher,* 154 Pa. Superior Ct. 497, 36 A. 2d 168; *Megoulas v. Megoulas,* 166 Pa. Superior Ct. 510, 72 A. 2d 598. Similarly, the refusal to have sexual intercourse is not suf-

ficient ground for a divorce: *Schwarzkopf v. Schwarz-kopf*, 176 Pa. Superior Ct. 441, 107 A. 2d 610; *Mc-Guigan v. McGuigan*, 178 Pa. Superior Ct. 176, 112 A. 2d 440; *Boyles v. Boyles*, 179 Pa. Superior Ct. 184, 116 A. 2d 248. It has also been held that frequent absences from home, even for several days at a time, do not constitute indignities: *Johnson v. Johnson*, 31 Pa. Superior Ct. 53.

One other circumstance should be noted. Appellant attempted to show that, subsequent to the separation, her husband became unduly friendly with his landlady. While this effort to establish a meretricious relationship fell short of its goal, it would not have helped appellant's cause under the circumstances. A meretricious relationship between the husband and another woman arising several years after the right to a divorce has accrued is not ground for refusing to enter a decree: *Gillen v. Gillen*, 195 Pa. Superior Ct. 60, 169 A. 2d 340.

In conclusion, our independent examination of the instant record leads us to agree with the Master and the court below that the husband's charge of wilful and malicious desertion was established by clear and satisfactory evidence, and that the wife-appellant did not meet the burden on her of reducing it to a justified separation. See *Charlton v. Charlton*, 159 Pa. Superior Ct. 607, 49 A. 2d 526.

Decree affirmed.