## Schwertz *v.* Schwertz, Appellant.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John L. Bailey,* with him *William J. Graham, Ralph E. Smith,* and *Weller, Wicks & Wallace,* for appellant.

*Homer W. King,* with him *Francis V. Sabino,* for appellee.

OPINION BY WRIGHT, J., January 16, 1962:

This case arises as the result of a complaint in divorce filed by Paul J. Schwertz against his wife, Dora Elizabeth Schwertz, on the ground of desertion. After taking testimony at two hearings, the Master recommended that a divorce be granted. The court below dismissed the wife's exceptions to the report of the Master, and entered a final decree. The wife has appealed.

The parties were united in marriage on May 30, 1926. They had five children, of which one, a daughter born March 22, 1947, is still a minor. She continues to reside with her mother in the family home, owned jointly by the parties. The husband is now fifty-three, and the wife fifty years of age. He is employed by the American Bridge Company in Ambridge, Pennsylvania. She is a ward clerk at the Sewickly

Valley Hospital in Sewickly, Pennsylvania. The wife testified: "Well, we never did have a happy married life". On May 6, 1948, she underwent surgery, and the parties thereafter occupied separate bedrooms. Arguments became more frequent, precipitated largely by the wife's refusal to have sexual intercourse.

The separation upon which the husband's case rests occurred on May 22, 1953. Early that morning, before going to work, the husband entered his wife's bedroom and requested intercourse. The wife refused, and a violent argument ensued. When the husband came home from work that evening, he was arrested on a charge of surety of the peace. According to the opinion below: "He was held for court, but the charge was dismissed". The next day he found the doors of the home bolted, was refused admittance, and told never to return. On the porch was a suitcase packed with his clothing. The wife also changed the locks of their jointly owned automobile, and has since maintained exclusive possession thereof. The husband has been living in the Hess Hotel in Ambridge. Attempts on his part to effect a reconciliation were unsuccessful.

It is the wife's contention on this appeal that she was not guilty of desertion because she "had just and reasonable grounds for living separate and apart from her husband", that she "was fully justified in locking him out of their home and refusing a reconciliation", and that her testimony in this regard was "neither rebutted nor shaken by the plaintiff". She therefore argues that the exclusion of her husband from the home was not wilful and malicious, and that "the plaintiff is not an innocent and injured spouse". It is her position that the domestic difficulties of the parties "were largely instigated by the plaintiff's drinking habits". In this connection it should be noted that the important issue of credibility was resolved in favor of the husband, both by the Master and the lower court.

There is no dispute concerning the applicable legal principles. Notwithstanding the view expressed in the dissent in *Dukenfield v. Dukenfield,* 177 Pa. Superior Ct. 215, 110 A. 2d 858, it has been settled by the decision of our Supreme Court in *Zorn v. Zorn,* 382 Pa. 319, 114 A. 2d 907, that the doctrine of constructive desertion is recognized in this Commonwealth. A case of desertion is established where a wife locks her husband out of the house without justification and without his consent, refuses to let him return, and persists in such refusal for a period of two years: *Jeanette v. Jeanette,* 196 Pa. Superior Ct. 295, 175 A. 2d 145. And see *Foley v. Foley,* 188 Pa. Superior Ct. 292, 146 A. 2d 328. Where a wife admits a nonconsensual separation, as does this appellant, the burden of proof is upon her to establish justification. The situation in the case at bar is procedurally similar to that wherein a wife seeks to justify an admitted withdrawal from the marital domicile, in which event, to successfully defend against a charge of desertion, she must prove by a preponderance of clear and convincing evidence that she had grounds for divorce: *Hughes v. Hughes,* 196 Pa. Superior Ct. 144, 173 A. 2d 700.

While a single instance of cruelty may be so severe, and with such attending circumstances of atrocity, as to justify a divorce, *Rankin v. Rankin,* 181 Pa. Superior Ct. 414, 124 A. 2d 639, indignities to the person as a cause of divorce may not be based upon a single act. There must be such a course of conduct or continued treatment by the husband as to render the wife's condition intolerable and her life burdensome: *Wick v. Wick,* 352 Pa. 25, 42 A. 2d 76. Counsel for appellant advances the well settled proposition that a wife's refusal to have sexual intercourse with her husband is not grounds for divorce on his part, citing *Rausch v. Rausch,* 146 Pa. Superior Ct. 342, 22 A. 2d 221. This does not mean that the husband's justifiable resent-

ment of such refusal constitutes ground for divorce on the part of the wife.

While we are not bound by the Master's appraisal of the weight and credibility of the testimony, *Zirot v. Zirot,* 197 Pa. Superior Ct. 124, 177 A. 2d 137, if his conclusion is based upon a searching analysis of the evidence, and has been approved by the court below, as in the case at bar, it is entitled to considerable weight: *Hughes v. Hughes,* supra, 196 Pa. Superior Ct. 144, 173 A. 2d 700. See also *Henszey v. Henszey* 195 Pa. Superior Ct. 377, 171 A. 2d 837. We are in accord with the view expressed both by the Master and the lower court that this husband's excellent work record for almost forty years belies his wife's assertion that he was addicted to the excessive use of alcohol. In addition to his regular employment at the American Bridge Company, he is bookkeeper for the credit union. During strikes, and in other spare time, he acted as supervising foreman in the construction of some twenty homes, including his own. He has also served as president of the school board in his district.

In brief, our independent examination of the instant record leads us to agree with President Judge McNAUGHER, speaking for the court below, that "plaintiff's conduct on the morning of May 22, 1953 did not amount to cruel and barbarous treatment and . . . there is insufficient evidence of any course of conduct which would constitute indignities to the person".

Decree affirmed.