## Parry, Appellant, *v.* Parry.

Argued December 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

322

*Joseph L. Prince,* with him *Prince, Prince & Leiby,* for appellant.

No appearance was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., March 21, 1962:

On July 12, 1960, Florence Elaine Parry, nee Halley, filed a complaint in divorce a.v.m. against her husband, John James Parry, on the ground of indignities to the person. Although personally served, the husband has not contested the action at any stage of the proceeding. After taking testimony at a hearing on October 7, 1960, the Master filed a report on January 12, 1961, in which he recommended that a decree be entered. The case was placed upon the argument list, and argued on June 14, 1961. On July 14, 1961, the court below filed an opinion and decree dismissing the complaint. The wife has appealed.

The parties were married on June 11, 1960, and separated on June 20, 1960. At the time of the hearing, the husband was thirty-one and the wife twenty-one years of age. As a result of a pre-marital experience, the wife was pregnant at the time of the marriage. According to appellant's brief, the child was born on January 1, 1961. The court below took the position that

nine days cohabitation was too short a period for appellant to establish a "course of conduct".

It is of course true that indignities to the person as a cause of divorce may not be based upon a single act, and that there must be such a course of conduct or continued treatment by the husband as to render the wife's condition intolerable and her life burdensome. See *Schwertz v. Schwertz,* 197 Pa. Superior Ct. 255, 177 A. 2d 139. However, the statute does not prescribe a minimum length of time for the completion of the offense. "The test is not the period of the conduct but its continuity and severity": *Trimbur v. Trimbur,* 171 Pa. Superior Ct. 541, 91 A. 2d 307. In the early case of *Elmes v. Elmes,* 9 Pa. 166, the parties cohabited "about a week" after the marriage, and our Supreme Court approved the entry of a decree.

We do not propose to detail the revolting conduct of this husband. In her uncontradicted testimony the wife understandably refers to her husband as a "terrible beast, a sex deviate". He is characterized by counsel as a "sex-depraved moral degenerate". Having made an independent examination of this record, we agree with the Master, not only that the offense of indignities was proved by clear and convincing evidence, but also that the required "course of conduct" was established, even though it extended over a comparatively short period. In the words of the Master: "There was no evidence that the conduct of the defendant was of a temporary nature".

The decree dismissing the complaint is reversed, and the record is remanded to the court below with the direction that a final decree in divorce be entered.