Benkowski, Appellant, v. Benkowski.

Argued April 13, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

348

*John L. Bailey,* with him *William J. Graham,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., June 11, 1964:

These are appeals from the Court of Common Pleas of Allegheny County from decrees awarding a divorce a vinculo matrimonii to Walter A. Benkowski, the appellee, and denying a divorce a mensa et thoro to Sylvia Benkowski, the appellant.

The master in this case heard both actions. The wife charged indignities to the person and abandonment of the family. The husband charged cruel and barbarous treatment and indignities to the person. The master found in favor of the husband and recommended that an absolute divorce be granted on the ground of indignities to the person. He found against the wife and recommended that her complaint be dismissed. The court en banc, in an opinion by Judge WEISS, overruled

the wife's exceptions to the master's report, entered a decree in favor of the husband and dismissed the complaint of the wife. These appeals followed.

The parties were married on June 24, 1950 at Ambridge, Pennsylvania. The couple resided with the wife's mother and sister at Library, Pennsylvania until December 1959 when the husband after being locked out of the home of his mother-in-law moved into a hotel on the advice of a Justice of the Peace. The parties have never lived together since that time. There were no children born of this marriage. The wife, as grounds for her action stated that the husband was an habitual gambler and refused to stop gambling even though she begged him to do so and also that the plaintiff physically abused her on many occasions. The husband denies these allegations and states that his wife enjoyed the fruits of his gambling and as a result of his activities they were able to accumulate savings during the period of their marriage in excess of twenty-five thousand dollars. As to the physical abuse, appellee testified that the time his sister-in-law saw him make physical contact with his wife was in self defense and that the one time he did physically abuse his wife in public was because she had withdrawn their life savings from a joint bank account and secreted it somewhere and refused to disclose the location of their money. As to the desertion the appellee testified that in the absence of his wife, his in-laws had locked him from the home and refused to grant him admission to secure his personal belongings and his clothing, after being told to stay out, and not to come back. That he broke the lock from the door, went in and got his belongings and after being taken to a Justice of the Peace was told not to return. At that time he moved into a hotel and has been separated from his wife since that time.

As to the husband's action the master dismissed the charges of cruel and barbarous treatment as not hav-

ing been supported by the testimony, in which conclusion we concur and will not discuss that charge. However, in support of his allegation of indignities he has charged his wife with refusing to leave the domicile of her parents and make a home of their own and also of keeping constant company with other women to his great embarrassment and also of engaging in homosexual relations with a member of her own sex, in public view, to his great embarrassment and distress.

The report of the master who saw and heard the witnesses is ordinarily entitled to the fullest consideration where, as here, credibility is an issue and the master's findings dependent thereon are not at variance with the record. *Rankin v. Rankin*, 181 Pa. Superior Ct. 414, 124 A. 2d 639 (1956) ; *Sims v. Sims*, 188 Pa. Superior Ct. 439, 149 A. 2d 528 (1959). The master in his report indicates that the witnesses for the wife were not impressive and were merely cumulative since they were all related and in fact in instances corroborated the testimony of the husband, so that he gave little credence to their testimony. While it is true that there is no requirement that the wife, suing for divorce a mensa et thoro because of indignities, must be the injured and innocent spouse, the wife's proof in the present action fell far short of establishing indignities on the part of the husband. Indignities provoked by the wife do not constitute grounds for a divorce, unless the retaliation is excessive. *Rankin v. Rankin*, supra; *Colin v. Colin*, 181 Pa. Superior Ct. 564, 124 A. 2d 184 (1956).

As to the wife's allegation of malicious abandonment on the part of the husband in her action for divorce a mensa et thoro this also was not proved. Malicious abandonment as a ground for divorce from bed and board at the suit of the wife is analogous to, and the practical equivalent of, willful and malicious desertion where an absolute divorce is sought, and in both

actions clear and satisfactory proof is required. *Bruno v. Bruno,* 185 Pa. Superior Ct. 219, 138 A. 2d 301 (1958). As this Court has stated, the proof required in an action for divorce from bed and board must be as clearly established as in an action for absolute divorce. *Jones v. Jones,* 144 Pa. Superior Ct. 372, 19 A. 2d 480 (1941).

The husband as was indicated by the master's report and the record clearly shows, did substantiate the charge against his wife of indignities to his person in that she refused to leave the domicile of her mother and set up a home of their own, which was corroborated by the appellant's mother; that she did keep company with other women of ill repute which gave great concern to her sister and that, she did engage in homosexual acts of sodomy on women of her own sex as was indicated by testimony of a disinterested and unrelated witness.

The only problem in this appeal is whether the husband was an injured and innocent spouse within the meaning of the law. There was evidence that the husband was not completely without fault and we do not mean to pose him as a paragon. *DiTroia v. DiTroia,* 202 Pa. Superior Ct. 7, 193 A. 2d 877 (1963). However, we have stated that the right to a divorce is not limited to gentlemen alone. *White v. White,* 185 Pa. Superior Ct. 141, 138 A. 2d 162 (1958). The acts of abuse complained of by the wife were isolated and provoked by her.

Decrees affirmed.