Cammann, Appellant, v. Cammann.

Argued September 17, 1970.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Reeder R. Fox,* with him *Duane, Morris & Heck-scher,* for appellant.

*James E. Riely,* with him *Knox Henderson,* and
*Stassen and Kephart,* and *Henderson, Wetherill, O'Hey
& Horsey,* for appellee.

OPINION BY HOFFMAN, November 13, 1970:

Appellant-husband appealed from the decree of the Court of Common Pleas of Montgomery County which refused to grant a divorce a.v.m. from appellee-wife. The complaint in divorce alleged the grounds of desertion and indignities to the person. The master recommended that a divorce be granted on the ground of desertion but not on the ground of indignities. Despite this recommendation, the court below dismissed the complaint. This appeal by the husband followed.

As is our duty in divorce cases, we have made ". . . an independent investigation of the evidence in order to determine whether in truth it does establish a legal cause for divorce . . ." *Nichols v. Nichols,* 207 Pa. Superior Ct. 220, 222, 217 A. 2d 807, 809 (1966) (WRIGHT, J. [Now P. J.]). "[W]e have carefully reviewed the evidence de novo, passed on its weight and on the credibility of the witnesses, and reached an independent conclusion upon the merits." *Sacavitch v. Sacavitch,* 206 Pa. Superior Ct. 229, 230, 212 A. 2d 926, 927 (1965).

The parties were married in 1943 and lived a fairly harmonious married life for ten years. From 1953, until the parties ceased living together in 1956, the marital relationship deteriorated to the point where communication between them was conducted by written notes or by use of their children as messengers. In June of 1956 the husband entered a hospital for surgery. During his confinement for a period of almost two weeks, he did not receive one call, letter or visit or any type of communication from his wife. When he was released, he did not return to the family home, but rather, at his doctor's suggestion, went to his parents' house in New York to recuperate from the operation.

For the balance of the summer of 1956 and into September of that year, the husband remained at his par-

ents' house. During this period he sent three letters to his wife on routine matters. His wife, however, did not communicate in any way with her husband.

Near the end of the summer of 1956, the husband wrote to his wife stating that he would be returning to the family home. On the very day that the wife received this letter, the husband's mother, at his request, called to tell his wife when he would be returning home. The wife replied "Oh, no, he is not coming back." She further stated that if the husband returned she would take the children and live elsewhere.

Subsequently, the husband returned to Philadelphia and took up residence apart from his wife. Neither party has made a bona fide attempt to reconcile their differences. The wife has stated that her husband would need her permission to return, and that she has never given that permission. The parties have remained separated for the past fourteen years.

On these facts, the husband asks for a divorce on the grounds of desertion. He contends that a case of "constructive desertion" is presented in that his wife effectively barred him from their common home in 1956, and has never allowed him to return.

The doctrine of constructive desertion is recognized in Pennsylvania. *Zorn v. Zorn,* 382 Pa. 319, 114 A. 2d 907 (1955); *Schwertz v. Schwertz,* 197 Pa. Superior Ct. 255, 177 A. 2d 139 (1962). As this Court stated in *Schwertz,* "[a] case of desertion is established where a wife locks her husband out of the house without justification and without his consent, refuses to let him return, and persists in such a refusal for a period of two years." Id. at 258, 177 A. 2d at 141. This action must be willfully and maliciously undertaken and must be without the consent of the innocent spouse. *Foley v. Foley,* 188 Pa. Superior Ct. 292, 146 A. 2d 328

(1958); *Reiter v. Reiter,* 159 Pa. Superior Ct. 344, 48 A. 2d 66 (1946).

In this case, the master found that the husband was denied access to his home against his will and consent. He also determined that the wife did not have reasonable cause to refuse to allow her husband to return. The court below refused to accept the master's recommendations. We have carefully considered all the evidence, as well as the opinion of the court below and the recommendations of the master. We conclude that the master was correct in granting a divorce on the grounds of desertion. In so finding we are mindful that, while the master's recommendations are advisory only, as Judge WATKINS ably stated in *Benkowski v. Benkowski,* 203 Pa. Superior Ct. 347, 350, 201 A. 2d 444, 446 (1964), "[t]he report of the master who saw and heard the witnesses is ordinarily entitled to the fullest consideration where, as here, credibility is an issue and the master's findings dependent thereon are not at variance with the record." In the instant case, there is a conflict of testimony concerning what the parties intended by their actions in the summer and fall of 1956, and thus here too, credibility is a vital issue.

We believe that it was not necessary for the wife to board up the house or change the locks on the doors to communicate to the husband that the family house was closed to him. The husband, a university professor, is a highly educated and sensitive individual. His wife is also intelligent and educated. The husband was denied access to his house just as effectively as if his wife had physically locked and barred the premises. It was clear that any physical attempt to return would result in her immediate departure with the children and would not improve any chance for reconciliation that might exist. There is no doubt that the wife refused—and still refuses fourteen years later—to have

her husband return home. The facts thus show that the husband is the innocent party as far as the issue of desertion is concerned and that there was no consensual separation.

Furthermore, we agree with the master's conclusion that from all the circumstances the acts of the wife must have been intentional. Since the wife turned her husband out, "it was incumbent upon her to extend a bona fide offer of reconciliation." See, 1 Freedman, *Law of Marriage and Divorce in Pennsylvania,* §237 (2d Ed. 1957). No such offer has been made. In fact, according to the wife's own testimony, she has never tried to effect a reconciliation with her husband.

Finally, the wife claims that she had reasonable cause for refusing to allow her husband to return. "The reasonable cause which is justification for one spouse leaving the other is that which would entitle the separating party to a divorce." *Hughes v. Hughes,* 196 Pa. Superior Ct. 144, 148, 173 A. 2d 700, 702 (1961). The burden of proof is on the wife to prove any justification. Id. at 148-149, 173 A. 2d at 702. There is no doubt that the evidence presented by both parties concerning indignities falls short of sustaining either a claim for divorce or a defense to constructive desertion.

We thus believe that the appellant is entitled to a divorce on the grounds of desertion but not on the grounds of indignities to the person. The decree dismissing the complaint is reversed, and the record is remanded to the court below with the direction that a final decree in divorce be entered.

WRIGHT, P. J., would affirm on the opinion of Judge VOGEL.